IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTOB DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. _____ |
| DANIEL J. HOGAN, CLERK MAGISTRATE; | : | JURY TRIAL DEMANDED, AND SEEKING PUNITIVE DAMAGES. |
| MARILYN WELLINGTON, COURT ADMINISTRATOR; | : | PLAINTIFF DEMAND MONEY DAMAGES OF $1.1 MILLON FROM EACH DEFENDANT, IN THE SUM OF $4.4 MILLON. |
| FRANCIS J. CAFFREY, CLERK; | : | |
| CHARLES R. JOHNSON, CHIEF JUSTICE BOSTON MUNICIPAL COURT; Et Al., | : | |
| | : | THIS IS THE PLAINTIFF'S COMPLAINT |
| Defendants. | : | |

## I. INTRODUCTION

This is a civil action brought to redress the deprivation by Defendants of rights secured to the Plaintiff by the United States Constitution and laws of the United States of America and the laws of the Commonwealth of Massachusetts.

Subsequent to the lawful filing pursuant to Massachusetts General Law Chapter 278, Section 29D, and Massachusetts Criminal Procedure Rule 30(b), and each named Defendant presented an incorrect Boston Municipal Criminal Court Docket Sheet to denied the Plaintiff Due Process of law and Equal Protection of laws.

Plaintiff filing this Complaint Pro Se. See **Haines v.- Kerner**, 404 U.S. 519, 92 S.Ct. (1972). With this as a background, Plaintiff Owen Garth Hinkson, does hereby complain as followa:

## II.   JURISDICTION

1. This Court has jurisdiction over this action under provisions of 28 U.S.C. §§ 1331, 1332, 1342 & 1343, because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of rights of citizens and non-citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. §§ 1991 & 1983.

2. Venue is proper under 28 U.S.C. § 1391(e)(2), because the events giving rise to Plaintiff's claims occurred in this judicial district.

## III.   PARTIES

3. Plaintiff Owen Garth Hinkson, ("Plaintiff or Hinkson") is a citizen of Jamaica and currently resides at Federal Correctional Institution in Ray Brook, New York 12977-9001. Prior to his arrest on September 23, 1998, Hinkson resided in Boston, Massachusetts.

4. At all times relevant herein and upon information and belief, Defendant Daniel Hogan ("Defendant" or "Hogan"), Marilyn Wellington ("Defendant" or "Wellington"), Fancis Caffrey ("Defendant" or "Caffrey"), and Charles Johnson ("Defendant" or "Johnson") was and remains as officers in the Boston Municipal Criminal Court Department, with their principal place of business being Boston Municipal Court, John W. McCormack Post Office & Courthouse, 90 Devonshire Street, Boston Massachusetts 02109.

At the time of the Constitutional violations detailed herein, the Defendants was acting under the direction of Ms. Marilyn Wellington, Court Administrator for the Boston Municipal Court Department, Daniel Hogan, Clerk Magistrate, and Charles R. Johnson, Chief Justice for the Boston Municipal Criminal Court Department, which in turn supervised by the Supreme Judicial Court of Massachusetts. These Constitutional violation started after October 6, 1999 and ended on February 1, 2005. These Defendants actions deprived Plaintiff of fairness and that in turn deprived the Plaintiff of "his liberty" and under the United States Constitution Fouurteenth Amendment, Section 1, which statess that "Nor shall any State deprive any person of life, liberty or property, without due process of law." This Plaintiff was also deprived of Equal Protection of G.L. c. 278, § 29D, and that deprivation also deprived the Plaintiff of "his liberty."

### IV. STATEMENT OF FACTS

5. Plaintiff Owen Garth Hinkson's Attorney Mr. William C. Penkethman, Jr., filed a Motion to Vacate Judgment of Conviction pursuant to G.L. c. 278, § 29D, on or about October 6, 1999, and on December 20, 2000, the Boston Municipal Criminal Court Justice Sally A. Kelly, denied the motion. The basis of this denial was that the defendant had been found guilty after a bench trial, and that being the case, the statute did not apply.

6. On or about October 21, 2003, Plaintiff located the then trial counsel and obtain an affidavit and in the affidavit

3

the trial counsel inform the Commonwealth and the Boston Municipal Criminal Court that the Court's Docket Sheets was incorrect, and that the Plaintiff did not had a bench trial he had a guilty plea. The Commonwealth then located the then trial counsel and agreed that the Plaintiff did had a guilty plea, and ask the Boston Municipal Criminal Court to re-hear the Motion to Vacate Judgment of Conviction first filed no or about October 6, 1999, because it was denied in error.

7. On or about December 12, 2003, Plaintiff re-filed the Motion to Vacate Judgment of Conviction, and on that same date Plaintiff ask the Supreme Judicial Court Administrator, Ms. Pamela Lyons, to see that the Boston Municipal Court hear the Plaintiff's Motion, and on January 14, 2004, Ms. Lyons, send a letter to the Boston Municipal Court Administrator, Ms. Wellington. (Ms. Lyons' letter to Ms. Wellington, states as follows: "By this letter I am forwarding to you, for whatever action you deem necessary, the enclosed correspondence from Owen Garth Hinkson.") Defendant Wellington did not take any action at all.

8. On February 2, 2004, Defendant Francis Caffrey, Clerk send the Plaintiff a letter after 3 or 4 phone conversation and after telling the Plaintiff that the Chief Justice would not hear the Plaintiff's Motion without any attorney for the Plaintiff. Mr. Caffrey's letter states as follows: ("The Court will notify you as to the name of the Attorney who has been

4

assigned to represent you. At the present time we are waiting for the Committee for Public Counsel Service to inform the court as the Attorney's named.")

**9.** On April 19, 2004, Plaintiff send a letter to the Committee for Public Counsel Service ("CPCS") and Mr. Donald S. Bronstein, Esq., inform Plaintiff that: ("CPCS has not received any Notice of Assignment of Counsel from the court,...") So it is clear from the record that Defendant Caffrey mislead ("lied") the Plaintiff.

**10.** Defendant Daniel Hogan, duty as the Clerk Magistrate, is to keep correct Court ("Records") Dosket Sheets, and when Defendant Hogan, present the incorrect docket sheets to the Honorable Sally A. Kelly, J., and the Honorable Sally A. Kelly used that incorrect record to denied the Plaintiff's Motion to Vacate Judgment of Conviction that violated fairness to Plaintiff. (See **Sellers v. Bureau Of Prisons, 959 F.2d 307, 312 (D. C. Cir. 1992)** Aa long as the information contained in an agency's files is capable of being verified, then, under section (e)(5) and (g)(1)(c) of the Act the agency must take reasonable step to maintain the accuracy of the information to assure fairness to the indivdual.")

**11.** On December 12, 2003, Plaintiff Owen Garth Hinkson, bring these Constitutional violations to the Defendant Charles R. Johnson, Chief Justice of the Boston Municipal Criminal Court Department and ask that he address the issue has the head

5

of that Department and he take no action on Plaintiff's request. This Defendant Charles R. Johnson Chief Justice of the Boston Municipal Criminal Court, violated the oath of his office, when he did not take any action. In the Commonwealth of Massachusetts Commission on Judicial Conduct Annual Report 2001 (A) Adjudicative Responsiblities (4) A judge should accord to every perso who is legally interested in a proceeding, or his lawyer.. (5) A judge should dispose promptly of the business of the court. In this Plaintiff's case the Honorable Chief Justice Johnson did not follow the law of the Commonwealth of Massachusetts or the laws of the United States, and that violate the Constitutional rights that protect the Plaintiff.

**12.** On January 14, 2005, Defendant("Hogan appears and testifies. Defendant's Motion to Reconsider Defendant's Motion to Vatate Judgment of Conviction <u>Allowed</u> after hearing.") Hogan inform the Boston Municipal Criminal Court that its order dated December 20, 2000, denied the Plaintiff fairness and the Court's docket sheets was incorrect.

**13.** During all times mentioned in this complaint, these Defendants was acting under color of state law, that is, under color of the Constitution, statute, law, charter, ordinances, rule, regulations, customs and usages of the Commonwealth of Massachusetts, the City of Boston and the United States of America.

6

**14.** These Defendants should have known that their actions violated clearly established law protecting the Constitutional and statutory rights of Plaintiff, and by correcting the record at this late stages does not cure the Constitutional violations the Plaintiff suffer.

## CAUSE OF ACTION

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of Constitutional Rights Under Color of State Law --Due Process Violation--

**15.** Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraph 1 through 15.

**16.** Each Defendant have knowledge of the incorrect Court Docket Sheets and take no action to correct it until January 14, 2005, when Platintiff request counsel through the Committee for Public Counsel Service ("CPCS"), on April 19, 2004, and the Committee apointed Attorney Adriana Contartese, Esq. See Paragraph 9 of the Plaintiff's Complaint. The District Attorney's Office notify the Defendants that the Court's Docket Sheets was incorrect and agree that a hearing would be helpful to resolving the issues in that case, but the Defendants at that time take no action, nor make no effort to redress the issues. The Defendants' conduct represents a violation of Plaintiff's rights under the Fifth Amendment to the United States Constitution and through the Fourteenth Amendment to the state. These Defendants was fully aware that Plaintiff has been enhance in a federal sentence by this prior conviction and vacating this conviction would mean that the Plaintiff was actual innocent of the federal enhancement and deportation.

**17.** This conduct on the part of Defendant Hogan, Wellington, Caffrey and Johnson represent a violation of 42

U.S.C. § 1983, giving that their actions were undertaken under color of state law.

**18.** As a direct and proximate result of this unconstitutional acts described above, Plaintiff has been suffer irreparably damage.

### AS AND FOR SECOND CAUSE OF ACTION

### Violation of Constitutional rights under Color of State Law
### --Equal Protection of Law--

19. Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraph 1 through 19.

20. The Equal Protection Clause of the United States Constitution the Fourteenth Amendment, has been violated by Defendant Hogan and Defendant Caffrey,.

21. On or about October 6, 1999, Plaintiff's Attorney Mr. William C. Penkethman, Jr. first filed a Motion To Vacate Judgment of Conviction pursuant to G.L. c. 278, § 29D, the Motion was filed with the Defendants' Hogan and Caffrey Department, that department is the Clerk's Office and the Clerk must take reasonable step to maintain the accuracy of its information that goes to the Justices to assure fairness to on indivdual. On December 20, 2000, each defendats transport a set of docket sheets with incorrect information to the Honorable Justice Sally A. Kelly, that set of incorrect information cause Justice Sally A. Kelly, to denied the Plaintiff's Motion and also denied the Plaintiff Equal Protection of G.L. c. 278, § 29D, and fairness to that law.

22. Had ecah defendant review the complete court records including the **attorney's** notice of appearance form, it would have shown the defendant that the information on the docket sheets was incorrect and inform the Honorable Sally A. Kelly,

that the records was incorrect and her ruling was in error.

**23.** Had the defendants inform the Honorable Sally A. Kelly that the court's records was incorrect her ruling would have been a ruling just has the January 14, 2005, ruling and the United States Court of Appeals for the Fifth Circuit would have remanded the Plaintiff's federal case for a re-sentence.

**24.** This conduct on the part of all the Defendants represents a violation of the United States Constitution the Fourteenth Amendment Equal Protection of Massachusetts General Law c. 278, § 29D and a violation 42 U.S.C. § 1983, givin that their actions was undertaken under color of state law.

**25.** As a direct and proximate result of unconstitutional acts described above, Plaintiff has been suffer irreparably damages.

### V. PLAINTIFF SHOWS DAMAGES THAT RELIEF SHOULD BE GRANTED UPON

**26.** Defendant Hogan deprived Plaintiff of rights protected under Constitution of the United States (1) equal protection of Massachusetts General Law Chapter 278, Section 29D, ("No State shall . . . deny to any person within its jurisdiction the protection of the laws."); (2) because the Defendant Hogan present an icorrect court docket sheet to Justice Sally A. Kelly, she states as follows: ("As the Defendant never pled guilty or nolo contendere, the protections provided in G.L. c. 278, § 29D do not apply to him."); and (3) the Defendants' unconstitutional

acts deprived Plaintiff of fairness. The Defendant Daniel Hogan is now sue for $1.1 Millon , for unconstitutional violation that deprived Plaintiff of fairness in the Court's ruling dated December 20, 2000. The Court's January 14, 2005, ruling shows that the Plaintiff was denied fairness on December 20, 2000.

**27.** Defendant Marilyn Wellington's action rise to the level of clearly Due Process violation because (1) Defendant as the Boston Municipal Court Administrator became actually aware of facts which an inference could be drawn that the Boston Municipal Criminal Court Docket Sheets was incorrect and that it had denied the Plaintiff fairness; (2) the Supreme Judicial Court Administrative Attorney Ms. Pamela Lyons ask her to take action and (3) the Defendant take no action at all. In this case Defendant Wellington deliberately disregard the business of the Boston Municipal Criminal Court and that denied the Plaintiff due process and equal protection of law under the United States Constitution the Fourteenth Amendment to the State, and the Defendant is now being sue for $1.1 Millon.

**28.** Defendant Francis Caffrey's action denied the Plaintiff due procedd and equal protection of law (1) Defendant deliberately send the Plaintiff a misleading letter on February 2,, 2004, that state the the Boston Municipal Court as assign counsel when Defendant know that the Court has not assign any counsel at all; and (2) Defendant should have known that his actions violated the United States Constitution. Therefore,

12

Defendant Caffrey is now sue for $1.1 Millon.

**29. Def**endant Charles Johnson action denied the Plaintiff due process and equal protection of law (1)the Defendant is the Chief Justice of the Boston Municipal Criminal Court, and Plaintiff bring the issue of the incorrect docket sheets to the Defendant attention and the Defenadnt take no action; (2) under the Commonwealth of Massachusetts Commission on Judicial Conduct Annual Report 2001, Defendant Johnson has an Adjudicative Responsiblities to accord to every person who is legally interested in a proceeding, or his lawyer and (3) a judge shall dispose promptly of the business of the Court.  In This Plaintiff's case Mr. Caffrey made it clear to the Plaintiff that Chief Justice Johnson would not hear the Plaintiff's Motion without the assignment of counsel but Defendant Johnson never take any action in over a year to assign the counsel he needed to hear the Plaintiff's case. Defendant Johnson denied the Plaintiff due process and equal protection of law and the Defendant Johnson is now been sue for $1.1 Millon.

## VI.   PLAINTIFF DEMAND MONEY DAMAGES

**30.** This Plaintiff sued each Defendant in their Personal and Professional capacity Plaintiff sue Defendant Daniel Hogan in his Personal and Professional capacity for $1.1 Millon; Plaintiff sue Defendant Marilyn Wellington in her Personal and Professional capacity for $1.1 Millon; Plaintiff sue Defendant Francis Caffrey in his Personal and Professional capacity for

$1.1 Million; Plaintiff sue Defendant Charles R. Johnson in his Personal and Professional capacity for $1.1 Million. In this Civil Action the total sum of money damages for all Defendant is $4.4 Million in U.S. Dollars.

## VII.   DEMAND FOR PUNITIVE DAMAGES

**31.** The actions of all the Defendants described herein were extreme and outrageous, and shock the concience of a reasonable person. Consquently, an award of punitive damages is appropriate to punish the Defendants for their actions and uncivilized conduct. The Plaintiff also hereby demand a trial by jury.

## VIII.   PLAINTIFF COMPLETED ADMINISTRATIVE REMEDIES

**32.** On November 3, 2004, this Plaintiff filed his complaint in the United States District Court against all four Defendant and received a docket number: 104-cv-12440-JLT, and one week after filing his complaint, on November 10, 2004, Plaintiff filed a letter indicating, among other things, that he seeks to withdraw the above-entitled cas and that intends to file the case after he exhausts his administrative remedies. On January 14, 2005, and February 1, 2005, all administrative remedies was completed, any administrative remedies that was not answe to are denied. However, Plaintiff suffer damages from the action of each defendant: (1) each defendant should have

known that the Boston Municipal Court Docket Sheet was incorrect and such a incorrect docket sheets deprived the Plaintiff of fairness (2) the deprivation of fairness cause the Plaintiff to stay in federal prison from December 20, 2000, until this date, and (3) the ruling in the administrative remedies a-lone cannot compensate for the damages that the Plaintiff suffer.

### VIIII.    CONCLUSION

**33. WHEREFORE,** Plaintiff pray that this Honorable Court allow this Civil Action and **order** the United States Marshall to serve each named Defendant in this Civil Action pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1332, 1341 and 1343.

Dated: 4/13/2005.                Respectfully submitted,

                                                 Owen Garth Hinkson, Pro Se.
                                                 Reg. No. 17785-038
                                                 Federal Correctional Institution
                                                 Ray Brook
                                                 P.O. Box 9001
                                                 Ray Brook, New York 12977-9001

cc: Owen Garth Hinkson.