IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

OWEN GARTH HINKSON, :
Plaintiff, :
VS. : Civil Action No. 05-10822-JLT
DANIEL J. HOGAN, ET AL. : (JLT)
Defendants. :

PLAINTIFF'S MOTION TO SHOW EXHIBITS OF DEFENDANTS' CONDUCT THAT VIOLATED PLAINTIFF'S CIVIL RIGHTS

**Comes Now,** this Plaintiff Owen Garth Hinkson, filing this Motion to Show the Following Exhibits In Order to Help this Court in the screening on the merits pursuant to 28 U.S.C. §§ 1915(e) and/or 1915(A). Plaintiff also filing this Motion Pro Se. See **Haines v. Kerner, 404 U.S. 519, 92 S.Ct (1972);** and **Heck v. Humphrey, (1994) 129 L.Ed2d 383.**

(1). Plaintiff submit the Boston Municipal Court's Order dated December 20, 2000, a-long with the incorrect Boston Municipal Court Docket Sheet, as Exhibit ("A."); this will show this Court that each Defendant tranport a set of incorrect court docket sheet to the Honorable Associate Justice Sally A. Kelly, and a determination was made which was adverse to the Plaintiff. See Sellers v. Bureau of Prisons, 959 F.2d 307, 310 (D.C. Cir. 1992); (2) Plaintiff submit the United States Court of Appeals for the Fifth Circuit, affirmed order dated February 1, 2001, this Exhibit ("B.") will show how the incorrect Boston Municipal

Court incorrect docket sheet denied the Plaintiff fairness in the Boston Municipal Court and in the United States Court of Appeals for the Fifth Circuit; and (3) Plaintiff submit as Exhibit ("C.") his Motion to Reconsider Defendant's Motion to Vacate Judgment of Conviction Denied on December 20, 2000, dated October 4, 2004, that was allowed on January 14, 2005, and all charges was dismissed on February 1, 2005. This Exhibit will show that four years after the February 1, 2001, affirmed by the United States Court of Appeals for the Fifth Circuit the Boston Municipal Court and these Defendant agree that the Boston Municipal Court's Docket Sheet was incorrect.

This Plaintiff can submit a lot more Exhibits to prove to this Court and a Jury that these Defendants conduct violated the United States Constitution and laws that protect the Plaintiff from violations such as the violations in the Plaintiff's Civil Action.

Plaintiff request that these Exhibits attached to the Plaintiff's Civil Action and served upon these Defendants also.

6/21/05

Respectfully submitted,

Owen G. Hinks

Owen Garth Hinkson, Pro Se.
Reg. No. 17785-038
Federal Correctional Institution
Ray Brook
P.O. Box 9001
Ray Brook, New York 12977-9001

cc: OGH.

Ex. A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

BOSTON MUNICIPAL COURT DEPT.
NO. 87-CR-5796
87-CR-5797

*********************************

COMMONWEALTH

v.

OWEN HINKSON

***********************************

**DECISION AND ORDER ON DEFENDANT'S MOTION TO VACATE JUDGMENT OF CONVICTION PURSUANT TO G. L. c. 278, § 29D**

The Defendant in this case, Owen Hinkson (the "Defendant") has made a motion to vacate his judgment of conviction entered on November 16, 1987 for assault and battery on a police officer in violation of c. 265, § 13D and for being a disorderly person in violation of c. 272, § 53. The Defendant contends that he did not receive the immigration warning as required by G. L. c. 278, § 29D.

Under G. L. c. 278, § 29D, a defendant is entitled to have a judgment of conviction vacated and to withdraw his plea of guilty or nolo contendere if, at the time the defendant entered the plea, the judge failed to give the required deportation advisement and the defendant "later at any time shows that his plea and conviction may have one of the enumerated consequences." G. L. c. 278, § 29D; *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 49 (2000). Thus, the Defendant has the burden of demonstrating that he may be deported or suffer other adverse immigration consequences as a result of pleading guilty or nolo contendere in a court proceeding. *Commonwealth* v. *Rzepphiewski*, *supra* at 49-50.

The statute applies only to defendants who have actually pled guilty or nolo contendere and not to those who have been found guilty following a trial. The docket sheet for this case indicates that on November 16, 1987, the Defendant pled not guilty.[1] The docket sheet further states that the Defendant requested a trial without a jury. The court accepted the Defendant's

---

[1] The trial judge, the Honorable Theodore S. Bakas, is deceased. Therefore, the Defendant's motion is considered on the papers filed by the Defendant, the docket and the official court records.

DAA 5

waiver of jury trial after a hearing, and the next entry on the docket sheet is as follows: "Jury Waived Trial." Next, the docket sheet indicates that the Defendant was found guilty and given a one year suspended sentence and supervised probation.

Taken together, these notations evidence the fact that the Defendant pled not guilty and was found guilty after a bench trial. If the Defendant had pled guilty, it was and is the practice of this court to indicate that fact clearly on the docket sheet. *See Commonwealth* v. *Pryce*, 429 Mass. 556, 557-558 (1999) (Notation on a docket sheet and reliance on knowledge of the practice of the court suffice to reconstitute the record of what transpired in a court proceeding). The Defendant's assertion in his affidavit that he did not receive the alien warning during his plea colloquy is unpersuasive. *See Commonwealth* v. *Grant*, 426 Mass. 667, 673 (1998) (Judge is entitled to reject as not credible a defendant's self-serving, conclusory affidavit). Moreover, even if the Defendant's assertion was credible, it is irrelevant in the context of a trial after which the Defendant was found guilty.

As the Defendant never pled guilty or nolo contendere, the protections provided in G. L. c. 278, § 29D do not apply to him.

**Order**

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to vacate his judgment of conviction pursuant to G. L. c. 278, § 29D is **DENIED**.

By the court,

December 20, 2000

[signature]
Sally A. Kelly,
Associate Justice



DAA 6

(Ex. "D")

**Com. v. Hinkson**
763 N.E.2d 583 (Table)
Mass.App.Ct.,2002.
Feb. 28, 2002. (Approx. 1 page)

**FOR EDUCATIONAL USE ONLY**
**Unpublished Disposition**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

*MEMORANDUM AND ORDER PURSUANT TO RULE 1:28*

*****1** The defendant appeals the denial of his motion to vacate his conviction. He asserts that he did not receive the immigration warnings contained in G.L. c. 278, § 29D, and that consequently the lower court's denial of his motion constituted error. In this appeal the defendant also attempts to resurrect an issue that was addressed by this court when he previously appealed the denial of his motion for a new trial: he again asserts that the termination of the Boston Police Department police officer who arrested him had a prejudicial impact on his conviction. See *Commonwealth v. Hinkson,* 49 Mass.App.Ct. 1120 (2000) (denial of defendant's motion for new trial affirmed where defendant did not demonstrate a connection between termination of arresting officer from police department and defendant's conviction).
As to the defendant's contention regarding the statutory immigration warning, we affirm the denial of the motion to vacate his conviction for essentially the reasons set forth in the Commonwealth's memorandum at pages 4 through 8. The record clearly establishes, despite the defendant's assertions to the contrary, that he was convicted following a jury-waived trial. The provisions of G.L. c. 278, § 29D, requiring that immigration warnings be given apply only to a defendant who offers a change of plea and not to one who is found guilty following a trial. Here, the defendant's decision to proceed with a bench trial did not entitle him to the protections of G.L. c. 278, § 29D.
As to the remaining arguments raised by the defendant, "[a]ny issues raised in the defendant's previous ... appeal are, of course, barred by the prior adjudication[ ]." *Commonwealth v. Matthews,* 45 Mass.App.Ct. 444, 445 n. 2 (1998).
*Order denying motion to vacate conviction affirmed.*
Mass.App.Ct.,2002.
Com. v. Hinkson
763 N.E.2d 583 (Table), 54 Mass.App.Ct. 1102, 2002 WL 313399 (Mass.App.Ct.)
Unpublished Disposition
END OF DOCUMENT

Copr. (C) West 2003 No Claim to Orig. U.S. Govt. Works

**BOSTON MUNICIPAL COURT DEPARTMENT**
FOR CRIMINAL BUSINESS — JURY SESSION

AME: HINKSON OWEN NUMBERS: 875796

RE-TRIAL CONFERENCE DATE: 11/16/87 OFFENSE: A & B ON P O

ov. 13 1987 HAIBUS CORPUS TO ISSUE FOR H.C.C.J. FOR APPEARANCE OF DEFT TO ANSWER TO TESTIFY AT M.C. 11-16-87 9 A.M. Deer Island Issued

NOV 16 1987

D/C plead not guilty Atty Avenger

Defendant requests trial without Jury.

Jury waiver filed after hearing,

Court accepts Defendants waiver of

Jury Trial.

Jury Waived Trial

Fand Guilty

Waiver of Counsel 1 year

Sent / Sus prob TO NOV 16, 1988

[illegible] Bail $ [illegible]

[illegible] Reduced [illegible]

[illegible] Forthwith [illegible]

[illegible] Suspended to [illegible]

Cassette 1998

2280-2548

Bakus J [illegible]

Nov 7 1998 Defts motion for new trial filed

Reymount

[illegible] AT M.C. [illegible] 9 AM

11/9/98 issued for 771 status

CRA 2

(Ex. "E"). (Ex 6).

Ex. B

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
FEB 01 2001
CHARLES R. FULBRUGE III
CLERK

No. 00-40537
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OWEN GARTH HINKSON, also known as Charles M. Williams,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-134-2

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Owen Garth Hinkson appeals his sentence for illegal reentry into the United States after deportation. Hinkson argues that: (1) the district court erroneously enhanced his prior conviction for assault and battery on a police officer; (2) the district court erred in enhancing his instant sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A); and (3) the district court erred in failing to void 18 U.S.C. § 1101(a)(43)(F) and U.S.S.G. §§ 2L1.2 & 4B1.2 for unconstitutional vagueness.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hinkson's first argument was not raised in the district court and is, therefore, reviewed for plain error. See United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). There is no merit to Hinkson's contention that the district court enhanced his prior conviction for assault and battery on a police officer. Rather, the district court enhanced Hinkson's instant sentence for illegal reentry based on its determination that his deportation followed his aggravated felony conviction for assault and battery on a police officer. See U.S.S.G. § 2L1.2(b)(1)(A). The district court did not plainly err in this regard. See Krout, 66 F.3d at 1434 (holding that plain error requires a clear or obvious error that affected the defendant's substantial rights).

Hinkson's assertion that the district court erred in applying U.S.S.G. § 2L1.2(b)(1)(A) is based on his claim that under United States v. Delgado-Enriquez, 188 F.3d 592, 594 (5th Cir. 1999), his conviction for assault and battery on a police officer was not an aggravated felony because it carried a sentence of only one year. In Delgado-Enriquez, 188 F.3d at 594, this court paraphrased 18 U.S.C. § 1101(a)(43)(F) by stating that "a 'crime of violence' is an aggravated felony when it meets the definition found in 18 U.S.C. § 16 for non-political offenses for which the term of imprisonment is more than one year." The Delgado-Enriquez decision, however, did not turn on whether the offense at issue carried an imprisonment term of one year or more than one year. 188 F.3d at 595.

Moreover, in a decision rendered prior to Delgado-Enriquez, this court recognized that 8 U.S.C. § 1101(a)(43)(F)

(Ex. #A.)

COMMONWEALTH OF MASSACHUSETTS

Suffolk, s.s.

Boston Municipal Court
Case No. 875796
875797

| | |
|---|---|
| Commonwealth v. Owen Hinkson | MOTION TO RECONSIDER DEFENDANT'S MOTION TO VACATE JUDGMENT OF CONVICTION DENIED ON DECEMBER 20, 2000. |

Now comes the defendant, Owen Hinkson, and requests a reconsideration of the motion denied by Kelly, J., on December 20, 2000. (Ex. 1). The Commonwealth and defendant agree that a hearing would be helpful to resolving the issues in this case. A reconsideration is also in the interests of justice at this time because of the recent correction to the docket sheets, reflecting that the defendant pleaded guilty in this case, and did not have a bench trial.

Because of this correction, the issue of whether the defendant received immigration warnings has renewed importance, particularly in light of the absence of any indication in the court file or the docket sheets that the defendant had received alien warnings contemporaneous with his plea, and that the defendant has been consistent

1-14-05 @ 12:00 pm to vacate plea. Allowed 1-14-05

A TRUE COPY ATTEST
Daniel J. Hogan
CLERK

over the years in his contention that he did not receive such warnings.

In support thereof, the attention of the court is invited to the attached affidavit, memorandum and exhibits.

Respectfully submitted
For Owen Hinkson
By his attorney,

Adriana Contartese, Esq.
B.B.O.# 628595
356 Athens Street
Boston, Massachusetts 02127
617-268-3557
Dated: ~~September~~ October 4, 2004

A TRUE COPY ATTEST

CLERK MAGISTRATE

**B[illegible] [illegible]N[illegible] [illegible]UNICIPAL COURT DEPAR[illegible]MENT**
**FOR CRIMINAL BUSINESS**

NAME: Owen Hinkson DOCKET # 875797

OFFENSE:

Oct 5, 2004 Deft's motion to reconsider deft's motion to vacate Judgment of Conviction denied on December 20, 2000 & Memorandum in support of motion to reconsider deft's motion to vacate Judgement of Conviction denied on Dec 20, 2000 Rec'd & filed P.K.

January 14 2005
[illegible] 4257 [illegible] attorney Cattarese
730 Mulligan [illegible] Concannon.
900-1162
Clerk Magistrate Daniel J. Hogan appears and testifies
Deft's motion to reconsider Deft's motion to vacate Judgement of Conviction Allowed after hearing

Cont to Feb 1
Rm 30 status
Hogan, J LM

**A TRUE COPY ATTEST**

Daniel J. Hogan
CLERK MAGISTRATE

**BOSTON MUNICIPAL COURT DEPARTMENT**
**FOR CRIMINAL BUSINESS**

**NAME:** Owen Hinkson **DOCKET #** 87-5796

**OFFENSE:** Assault and Battery on Police officer

JAN 5 2004
Dated December 21, 2003 Defendant's Notice of Docket Entry Filed FJC

Jan 12, 2004 Order rec'd from the Appeals Court that the following entry be made in the docket: December 30, 2002, order denying deft's motion to vacate conviction affirmed PK

JAN 29 2004
Correspondence Received FJC

April 2, 2004
Correspondence - Request for Copy of "NAC" form received FJC

Aug 2, 2004 correspondence received from CPCS FJC

AUG 25 2004 – Defendant's Stipulation with the Commonwealth To Correct Docket Entry is received and filed. DO

FEB 1 2005 Defendant Not In Court atty Cartartese present
P.O. Leary APPEARS Ada Mulligan present
defendant presently in Federal custody in NY State
DISMISSED commonwealth objects
CF Dougan J

A TRUE COPY ATTEST
[signature]
CLERK MAGISTRATE

**CRIMINAL BUSINESS**

**NAME:** Owen Hinkson

**DOCKET #** 875797

**OFFENSE:**

Oct 5, 2004 Deft's motion to reconsider deft's motion to vacate Judgment of Conviction denied on December 20, 2000. & Memorandum in support of motion to reconsider Deft's motion to vacate Judgement of Conviction denied on Dec 20, 2000 Rec'd & filed P.K.

January 14 2005

4205 ATTORNEY Cartartere

730 Mulligan Corcoran

900-1162

Clerk Magistrate Daniel J. Hogan appears and testifies

Deft's motion to Reconsider Deft's motion to vacate Judgement of Conviction Allowed after hearing

Cont to Feb 1

Rm 30 status

Hogan J LM

FEB 1 2005

Not In Court

ATTORNEY Cartartere APPEARS

Mulligan APPEARS

Leary

defendant presently in federal custody in NY state

DISMISSED

Commonwealth objects

CF Judge Dougan

A TRUE COPY ATTEST

Daniel J. Hogan

CLERK MAGISTRATE

Owen will you write me to let me know if there are any developments in your case - I would like to know when something happens.

**Adriana Contartese, Esq.**
*Attorney at Law*
356 Athens Street
Boston, Massachusetts 02127
*Telephone: (617) 268-3557*

**JANUARY 2005**

**THIS NEWSLETTER IS INTENDED TO PROVIDE MY CLIENTS WITH PENDING CASES OF DEVELOPMENTS IN MY WORK AND IN THE COURTS THAT MAY BE OF INTEREST. I HOPE YOU WILL ENJOY IT.**

**Recent Successes**

Over the past few months, I have had some success in the appellate and trial courts.

In *Commonwealth v. Kevin Moore*, Case No. 03-P-1518 (December 31, 2004 decision unpublished), the Appeals Court reversed the defendant's conviction for OUI. The Court found that, in light of G.L.c. 218, section 26A, the jury-waived trial had been conducted as an abuse of judicial discretion, because the defendant had requested that the trial judge recuse from hearing the case after having already tendered a guilty plea before the same judge. The Court wrote: "This case presents those circumstances where the judge's discretion was limited by statute. We hold that the judge abused his discretion when he did not recuse himself from hearing the case."

In *Commonwealth v. Owen Hinkson*, Boston Municipal Court Case Nos. 875796 and 875797, the Court vacated the defendant's guilty pleas, having found an absence of documentation of alien warnings consistent with G.L. c. 278, section 29D. (Argument and decision January 14, 2005).

**Supreme Judicial Court**

In March, I will be arguing a case before a Supreme Judicial Court panel. In that case, the issue is whether a trial court has the discretion to order pre-trial probation, rather than a continuance without a finding, for a defendant after having taken a tender of plea.

**Work In Progress**

During the past months, I argued and am awaiting decisions on two other cases in the Appeals Court where I thought the legal arguments supporting my client's position were compelling. In one, whether the defendant may be excused from resisting arrest where I asserted excessive force was used to effectuate a warrantless arrest and whether the arrest is evidence of bad faith by the police is at issue; in another, whether the admission into evidence of a retail tag puller not relevant to the charge of larceny was reversible error is at issue. While it is difficult to predict the outcome of cases on appeal, both arguments were very well received, and at least the resisting arrest case should result in a win.

**SEE OTHER SIDE FOR Supreme Court Update**

I am also awaiting a decision on a case in the Appeals Court where a defendant was convicted of possession on a class D substance, with intent to traffic in a school zone. The issue here is whether a motion to suppress the drugs at trial should have been allowed. In my brief, I argued that the police did not have reasonable suspicion to approach the defendant and take his name, which led to his arrest and discovery of the contraband, after the defendant had already responded to previous gestures from police to leave the area.

I am waiting to hear whether an argument will be scheduled on a case I believe is violates the fifth amendment proscription against double jeopardy. In that case, the defendant was convicted of assault and battery and