```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

OWEN GARTH HINKSON,              )
          Plaintiff,             )
                                 )
     v.                          )   C.A. No. 05-10822-JLT
                                 )
                                 )
DANIEL J. HOGAN, CLERK           )
MAGISTRATE, et al.,              )
          Defendants.            )
```

                            MEMORANDUM

   For the reasons stated below, plaintiff's claims against defendants Hogan, Wellington and Caffrey are allowed to proceed at this time and plaintiff is directed to demonstrate good cause why his claims against defendant Johnson should not be dismissed.

                              FACTS

   Owen Garth Hinkson, an inmate at FCI Ray Brook in New York, commenced this action on April 18, 2005 by filing an application to proceed without prepayment of fees (application) and a complaint.  By Order dated June 16, 2005, his application was allowed and the complaint was returned for screening pursuant to 28 U.S.C. §§ 1915, 1915A.

   Plaintiff's pro se complaint is brought against a judge, a court clerk, a clerk-magistrate, and a court administrator for the alleged violation of plaintiff's civil rights.  Plaintiff is now serving a federal sentence that was enhanced based upon a Massachusetts conviction he contends would have been vacated in 2000 but for the wrongful actions, or inactions, of the defendants.

   Plaintiff alleges that on or about October 6, 1999, counsel

filed on his behalf in the Boston Municipal Criminal Court a motion to vacate judgment of conviction pursuant to G.L. c. 278, § 29D.  Complaint, ¶ 5.  Plaintiff further alleges that Judge Kelly denied his motion on December 20, 2000, on the ground that the defendant had been found guilty after a bench trial, and that being the case, the statute did not apply.  Id.

Almost three years later, on or about October 21, 2003, plaintiff obtained an affidavit from trial counsel stating that the docket sheet relied upon by Judge Kelly incorrectly stated that defendant had a bench trial, when in fact, plaintiff had pled guilty.  Id. at. ¶ 6.  Plaintiff contends that Judge Kelly denied his motion to vacate judgment of conviction based upon her reliance upon an incorrect docket sheet.  Id. at. ¶¶ 6-7.

Plaintiff complains that clerk magistrate Hogan's failure to maintain an accurate docket sheet as well as his provision of an inaccurate docket sheet to Judge Kelly "violated fairness to Plaintiff."  Id. at. ¶ 10.

On December 12, 2003, plaintiff re-filed his motion to vacate judgment of conviction and simultaneously asked an administrator at the Supreme Judicial Court "to see that the Boston Municipal Court hear the Plaintiff's Motion."  Id. at. ¶ 7.  Plaintiff complains that Judge Johnson failed to take administrative action when this matter was brought to his attention on or about December 12, 2003.  Id. at. ¶ 11.

By letter dated January 14, 2004, the SJC administrator forwarded plaintiff's correspondence to defendant Wellington, an

administrator at the Boston Municipal Court.  <u>Id.</u>  Plaintiff complains that defendant Wellington failed to take any action in response to plaintiff's correspondence.  <u>Id.</u>

Plaintiff alleges that after having several phone conversations with court clerk Caffrey concerning his motion, defendant Caffrey sent plaintiff a letter dated February 2, 2004, stating that the court will not hear the motion until he is represented and that the court was waiting for the Committee for Public Counsel Services ("CPCS") to appoint an attorney.  <u>Id.</u> at. ¶ 8.  Plaintiff complains that in April 2004, attorney Bronstein of CPCS informed him that CPCS never received from the court a notice of assignment of counsel and plaintiff contends that defendant Caffrey misled plaintiff.  <u>Id.</u> at. ¶ 9.

Finally, plaintiff alleges that his motion to vacate judgment of conviction was finally allowed after hearing on January 14, 2005.  <u>Id.</u> at. ¶ 12.  Plaintiff contends that defendant Hogan testified and informed the court that its order dated December 20, 2000 [denying the motion to vacate judgment of conviction] "denied the Plaintiff fairness and the Court's docket sheet was incorrect."  <u>Id.</u>

<u>REVIEW</u>

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA").  Pub.L. No. 104-134, 110 Stat. 1321 (1996).  Among the changes effected by the PLRA is the requirement that a district

court dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or fails to state a claim. 28 U.S.C. § 1915(e)(2)(b).

In addition, all prisoner actions directed against a governmental entity or officer must be screened at the earliest practicable time, regardless of whether or not a prisoner litigant has paid the filing fee, to determine if the action lacks an arguable basis either in law or in fact, seeks relief from a defendant who is immune from liability, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; cf. Haines v. Kerner, 404 U.S. 519, 520-521 (1972) (pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

Even construing plaintiff's pro se complaint generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), the claims against defendant Johnson are subject to dismissal.

## DISCUSSION

The doctrine of judicial immunity requires dismissal of the claims against Judge Johnson. The doctrine of judicial immunity protects judges from suit for any normal and routine judicial

act.  See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Bolin v. Story, 225 F.3d 1234, 1240 (11th Cir. 2000) (Federal Courts Improvement Act of 1996 expanded doctrine of absolute judicial immunity to protect federal judges from injunctive relief as well as monetary damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (citation omitted) (same).  Only judicial actions taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity.  Cok 876 F.2d at 2; Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (scope of judge's jurisdiction construed broadly); Huminski v. Corsones, 396 F.3d 53, 75 (2d Cir. 2005) ("[I]f the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction.").  Even where a party alleges that a judge conspired with another party to rule against him, such allegations do not pierce the immunity extended to judges.  Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); cf. Stump, 435 U.S. at 356-357 (alleged erroneous, malicious acts).

   Thus, to the extent that Hinkson seeks to bring this action against Judge Johnson based on actions, inactions or his alleged "conspiracy" with any party, such claims must be dismissed

because these allegations are based solely on judicial acts. Stump, 435 U.S. at 356-357; Pierson, 386 U.S. at 553-554; Jefferson v. City of Hazlehurst, 936 F. Supp. 382, 387 (S. D. Miss. 1995) (judicial immunity protects judge from liability for acts or omissions in exercise of his judicial function or capacity within limits of his jurisdiction) (citing Cleavinger v. Saxner, 474 U.S. 193, 199 (1985)).

However, plaintiff's claims against clerk-magistrate Hogan, court administrator Wellington and clerk Caffrey are not subject to sua sponte dismissal for failure to state a Section 1983 claim. Though it is clear these defendants are protected from any claims against them in their official capacities under the Eleventh Amendment, it is less clear whether they are protected by absolute quasi-judicial immunity for actions, or inactions, allegedly taken in their individual capacities. As recognized by the Court of Appeals for the First Circuit, "[t]here is general agreement that court officials, including court reporters, who act at the behest of a judge or pursuant to a court order are entitled to absolute quasi-judicial immunity from suit as to those actions, the circuits are split regarding whether such officials are also entitled to absolute quasi-judicial immunity when acting within the scope of their employment, but not pursuant to the orders of a judge." Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991) (footnotes and citations omitted).

To the extent defendants Hogan, Wellington and Caffrey were acting at the behest of a judge or pursuant to a court order, they would be entitled to absolute quasi-judicial immunity from suit. Id. at 3 n. 4. However, if they were acting within the scope of their employment, but not pursuant to the orders of a judge, they may not be entitled to such immunity. Id. at 3 n. 5. Therefore, plaintiff's Section 1983 claims against these three defendants will be allowed to proceed at this time.

## CONCLUSION

ACCORDINGLY, plaintiff's claims against defendants Hogan, Wellington and Caffrey are allowed to proceed at this time and plaintiff is directed to demonstrate good cause, within forty-two (42) days from the date of the accompanying Screening Order, why his claims against defendant Johnson should not be dismissed without further notice for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 20th day of July, 2005.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE