IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

OWEN GARTH HINKSON,

   Plaintiff,

vs.

DANIEL J. HOGAN, CLERK
MAGISTRATE; et al.

   Defendants.

Civil Action No.05-10822-JLT

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S
MOTION TO SHOW HIS SERVICE OF
PROCESS PURSUANT TO FED. R.
CIV. P. RULE 4(e) AND RULE (1)

## I.   INTRODUCTION

**Comes Now,** this Plaintiff, Owen Garth Hinkson, ("Hinkson" or "Plaintiff") hereby filing this Memorandum of Law In Support of Plaintiff's Motion To Show His Service of Process pursuant to Fed. R. Civ. P. Rule 4(e) and Rule (1). In this Plaintiff's Civil Action Plaintiff also filing this Memorandum of Law Pro Se. See **Haines v. Kerner,** 404 U.S. 519, 92 S.Ct. (1972).

This Plaintiff, Owen Garth Hinkson, make Service of Process by the United States Postal Service "Certified Mail" No. 7002-2410-0003-8498-3610. This will shows this Honorable United States District Court that Plaintiff has being diligent in prosecuting this cause of action.

## II.   STATEMENT OF FACTS

Plaintiff's pro se complaint is brought against a judge, a court clerk, a clerk-magistrate, and a court administrator for

the alleged violation of plaintiff's civil rights... On or about 20th day of July 2005, this Honorable Court order that Defendant Charles R. Johnson, Chief Justice of the Boston Municipal Court was immune from such relief, and that the plaintiff's complaint should be dismiss against Defendant Charles R. Johnson, if the plaintiff does not show cause in (42) days, ("Plaintiff will not file any cause to this Honorable Court against Defendant Charles R. Johnson,") but Defendant Daniel J. Hogan, Marilyn Wellington, and Francis Caffrey, must be serve with the plaintiff's complaint and the court's summons. In this civil action the United States Marshals Service make two attempt to serve the defendants only Defendant Daniel J. Hogan was served by the United States Marshals Service... .

### III. LAW & PLAINTIFF'S ARGUMENT

In this Civil Action Plaintiff has served Marilyn Wellington, Daniel J. Hogan, and Francis Caffrey, by the United States Postal Service on September 02, 2005. See Federal Rules of Civil Procedure Rule 4(e)(2). In this case Service of Process should be allow up on Defendant Marilyn Wellington and Francis Caffrey because a Clerk from the Boston Municipal Criminal Court sign and received the Plaintiff's Complaint and the Court's order dated July 20, 2005, and the Court's Summons dated July 21, 2005, from the United States Postal Service on September 02, 2005. See Rule 4(e)(2). As this Honorable Court knows that Defendant Daniel J. Hogan, was served by the United States Marshals Service on or about August 31, 2005. See Fed. R.

2

Civil. P. Rule 19(a). In **Williams v. Jones, 11 F.3d 247, 251 (1st Cir. 1993)** ("Jones concedes actual notice of the filing of the section 921(d) enforcement petition with the district court, but pleads insufficient process and insufficient service of process, see Fed. R. Civ. P. 12(b)(4), (5), based on Williams's admitted failure to serve Jones pursuant to Fed. R. Civ. P. 4. See Durbin Paper Stock Co. v. Hossain, 97 F.R.D. 639. 639 (S.D.Fla. 1982) ('Service of process is not efectual on an attorney solely by reason of his capacity as an attorney, [but] [t]he party must have appointed his attorney as his agent for service of process.')")

In this Plaintiff's case the defendants was served at their work place by both the United States Marshals Service and the United States Postal Service. In this case if this Honorable Court determine that defendant Matilyn Wellington and Francis Caffrey was not serve then this Honorable Court should grant publication and allow the plaintiff to serve those two defendants by publication. 1

---

1.   On November 16, 1987, Attorney Mark Vanger sign and filed his Notice of Appearance Form with the Boston Municipal Court Clerk's office and that same day and date the plaintiff plea guilty, there was only one pretrial appearance in the Boston Municipal Court Case No. 87-5796-97, so there can be no judge's order or direction that would show that the plaintiff had a beach trial on November 16, 1987, in case No. 87-5796-97, and therefore these defendants are liable in this civil action and this Honorable Court should allow the plaintiff to serve the defendants by United States Postal Service or by publication. See **Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991)** ("Slotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980) (per curiam) (judicial immunity extends to those who carry out the order of judges").

In this Civil Action plaintiff have clear and convincing evidence that the Boston Municipal Criminal Court Clerk had informed the United States Probation Officer Assistant in Beaumont, Texas that on("¶ 31. 8/21/87 Assault and Battery on Police Officer, Boston, Massachusettes, Municipal Court Jury Session 11/16/87 -Pled guilty; 1 year imprisonment, ..."). In this case from this evidence it is clear that the Boston Municipal Criminal Court Docket Sheet in Case No. 87-5796-97, was alter before it was sent to the Honorable Justice Sally A. Kelly. See **Forte v. Sullivan**, 935 F.2d 1, 3. (1st Cir. 1991) Id. at [4] ("Appellant's legal theory -§ 1983 liability for altering a trial transcript-is not indisputably meritless. Had the district court allowed appellant's motion to amend the complaint to include Ms. Sullivan in her individual capacity, her obvious defense would be immunity from suit.")

In this case Attorney Mark Vanger's Affidavit is clear to show that no judge's order or direction would have change the disposition of the plaintiff's case. It is clear that the alteration of the Boston Municipal Criminal Court's Docket Sheet in Case No. 87-5796-97, cause the plaintiff to spend five (5) years in federal prison. The United States Supreme Court has made it clear that "one day in jail for a common cold is a violation of a constitutional rights."And here plaintiff do five years in federal prison and going on six year all because of the alteration of the Boston Municipal Criminal Court Docket Sheet in case No. 87-5796-97.

In this civil action the United States Marshals Service send the plaintiff a letter dated August 16, 2005, In that letter attached was a "Checklist for Service of Summons & Complaint." the ¶¶5. Service made by "Certified Mail" is done when the plaintiff provides a PO Box address for the Defendant, or the process is served upon a U.S. Governmenr agency." This information from the United States Marshals Service inform the plaintiff that "Service made by 'Certified Mail' is done'." So this Plaintiff served Marilyn Wellington and Francis Caffrey by Certified Mail on August 29, 2005, to defendant Daniel J. Hogan, and it was served on September 02, 2005.

In this case the United States Postal Service Web Site Confirm that the defendant did received service of process. See **Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1995)** ("We have held that 'the root purpose underlying service of process is to ensure that a defendant receives fair notice of the suit and adequate opportunity to protect her interests.")

### IV.   CONCLUSION

Wherefore, this Plaintiff, Owen Garth Hinkson, Pray this Honorable United States District Court Grant this motion and allowed the service of process by the United States Postal Serive upon defendant Wellington and Caffrey, because the United States Marshals Service already served defendant Hogan, with the Plaintiff complaint and the United States District Court Summons on August 31, 2005.

5

                                            Respectfully submitted,

                                            _____
                                            Owen Garth Hinkson, Pro Se.
                                            Reg. No. 17785-038
                                            Federal Correctional Institution
                                            Ray Brook
                                            P.O. Box 9001
cc:                                        Ray Brook, New York 1277-9001

Dated: September 11, 2005.


### CERTIFICATE OF SERVICE

I, Plaintiff Owen Garth Hinkson, hereby serve a true copy of this Plaintiff's Motion To Show His Service Of Process pursuant to Fed. R. Civ P. Rule 4(e) and Rule (1), On this 11, day of September, 2005, by first class U.S. Mail, by placing it in the United States Post Bos at FCI Ray Brook, New York. Postage Prepaid, and address to the last known address:

    TO:   Hogan, Wellington and Caffrey
            Boston Municipal Criminal Court
            Edward W. Brooke Courthouse
            24 New Chardon Street
            Boston, Massachusetts 02114

                                            _____
                                            Owen Garth Hinkson, Pro Se.

Dated September 11, 2005.