IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

OWEN GARTH HINKSON,                :

      Plaintiff,               :

vs.                                : Civil Action No. 05-10822-JLT

DANIEL J. HOGAN, CLERK             : PLAINTIFF'S MEMORANDUM OF LAW
MAGISTRATE, et al.                   IN SUPPORT OF PLAINTIFF'S
                                   : MOTION FOR LEAVE TO SERVE THE
      Defendants.              DEFNDANTS BY PUBLICATION
                                   :

## I.   INTRODUCTION

**Now Comes,** this Plaintiff, Owen Garth Hinkson, filing this Memorandum of Law in Support of Plaintiff's Motion to Serve Defendant Marilyn Wellington and Francis J. Caffrey by publication.

This Plaintiff also filing this Memorandum of Law. Pro Se. See **Haines v. Kerner 404 U.S. 519, 92 S.Ct. (1972).**

## II.   STATMENT OF FACTS

Plaintiff's pro se complaint is brought against a judge, a court clerk, a clerk-magistrate, and a court administrator for the alleged violation of plaintiff's civil rights... On or about 20th day of July 2005, this Honorable Court order that Defendant Charles R. Johnson, Chief Justice of the Boston Municipal Court was immune from such relief, and that the plaintiff's complaint should be dismiss against Defendant Charles R. Johnson, if the plaintiff does not show cause in (42) days, but Defendant Daniel J. Hogan, Marilyn Wellington and Fracis Caffrey, must be served

with the Plaintiff's complaint and the court's summons. In this civil action the United States Marshals Service make two attempted to serve the defendants and fail to do so.

### III. LAW AND PLAINTIFF'S ARGUMENT

Pursuant to Fed. R. Civ. Proc. Rule 4(j), Plaintiff must serve all defendants in 120 days, and two defendant in this civil action cannot be located See **Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1558 (1St. Cir. 1989)** ("We have said that "the evident purpose of Rule 4(j) was to compel parties and their counsel to be diligent in prosecuting cause of action. United States v. Ayer, 857 F.2d 881, 884 (1St. Cir. 1988).") In this Civil Action the United States Marshals Service on August 2, 2005, make the first attempt to serve the defendants and fail to do so and on August 31, 2005, the United States Marshals Service attempt to serve the defendants and only one defendant was serve and the other two defendant cannot be locate by the United States Marshals Service, or by the Plaintiff.1

---

1.  Plaintiff will submit the following Exhibit(s). See Plaintiff's Exhibit No. 1, is the United States Marshals Service 285 forms. See Plaintiff United States Postial Service Certified Mail Receipt No. 7002 2410 0003 8498 3610.

## IV.    CONCLUSION

Wherefore, for the reasons aboved the Plaintiff pray that this Honorable Court allow the Plaintiff to serve these two defendants by publication. As this Honorable Court is aware that the Plaintiff is Pro Se in this civil action and a order by this Court to serve these two defendant by publication and all costs of publication to be advanced by the United States.

Dated: 9/7/2005

Respectfully submitted,

*Owen G. Hinkson*
Owen Garth Hinkson, Pro se.

cc: