IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

OWEN GARTH HINKSON,               :

       Plaintiff,              :

  vs.                              : Civil Action No.05-10822-JLT

DANIEL J. HOGAN, CLERK           : PLAINTIFF'S MEMORANDUM OF LAW
MAGISTRATE, et al.                 IN SUPPORT OF PLAINTIFF'S
                                    : PETITION FOR WRIT OF
       Defendants.              ATTACHMENT PURSUANT TO Fed.
                                    : Rules Of Civ. Proc. Rule 64

## I. INTRODUCTION

**Now Comes,** this Plaintiff, Owen Garth Hinkson, filing this Memorandum of Law In Support of Plaintiff's Petition for Writ of Attachment pursuant to Fed. Rules of Civil Proc. Rule 64. Plaintiff also file this Pro Se. See **Haines v. Kerner**, 404 U.S. 519, 520 (1972).

## II. STATEMENT OF FACTS

Plaintiff's pro se complaint is brought against a judge, 1 a court clerk, a clerk-magistrate, and a court administrator for the alleged violation of plaintiff's civil rights. Plaintiff is now serving a federal sentence that was enhanced based upon a Massachusetts conviction he contends would have been vacated in 2000 but for the wrongful actions, or inactions, of the defendants.

Plaintiff alleges that on or about October 6, 1999, counsel

filed on his behalf in the Boston Municipal Criminal Court a motion to vacate jugdment of conviction pursuant to G.L. c. 278, § 29D. Complaint, ¶ 5. Plaintiff further alleges that Judge Kelly denied his motion on December 20, 2000, on the ground that the defendant had been found guilty after a bench trial, and that being the case, the statute did not apply. Id.

### III. LAW & PLAINTIFF'S ARGUMENT

In this Plaintiff's Civil Action it is **a strong possibility that plaintiff will win at a trial** and therefore, plaintiff is now requesting from this Honorable Court an order of attachment to make sure that three point three million dollars are put to the side. In this case all the evidence shows clearly that these defendants violated the plaintiff's civil rights and they are liable for damages. See **Lowell Fruit Co. v. Alexander's Market, Inc., 842 F.2d 567 (1st Cir. 1988)** ("Judge Friendly acknowledged that 'maintenance of a lien upon property [was] not a negligible deprivation....'.") In this case the evidence clearly shows that there was no court order or a judge's direction to change the Boston Municipal Criminal Court's Docket Sheet. See **Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991).** It is clear from the evidence that had the defendants maintain a correct docket sheet plaintiff would not be in federal prison at this time.

It is clear that the defendants' actions, or inactions, cause the plaintiff to still be in federal prison, at the time the defendants present the incorrect docket sheet to the

Honorable Sally Kelly, the United States Court of Appeal was hearing the plaintiff's appeal and had the Honorable Judge Kelly vacate the Massachusetts conviction the United States Court of Appeals for the Fifth Circuit would have vacated the plaintiff's federal conviction and the plaintiff would receive a resentence.

The defendants' actions, or inactions denied the plaintiff fearness and also denied the plaintiff of his liberty. In this Civil Action the constitutional violations start on December 20, 2000, when the defendants present the incorrect Boston Municipal Criminal Court's docket sheet to the Honorable Judge Kelly. See **Sellers v. Bureau of Prisons**, 959 F.2d 307, 312 (D.C. Cir. 1992) (As long as the information contained in an agency's files is capable of being verified, then, under sections (e)(5) and (g)(1)(C) of the Act, the agency <u>must</u> take reasonable steps to <u>maintain</u> the accuracy of the information to assure fairness to the individual. If the agency wilfully or intentionally fails to maintain its records in that way and, as a result, it makes a determination adverse to an individual, then it will be lible to that person for money damages.")

In this case at bar there are evidence such as the Federal Presentence Investigation Report <u>at</u> ¶ 31. "11/16/87 -Pled guilty; 1 year imprisonment..."(See Exhibit No. 1)

---

1. This Honorable Court gave the Plaintiff (42) days to show cause why the court should not dismiss the plaintiff's complaint against Judge Johnson, plaintiff did not filed such a motion and agreed that the court dismiss the plaintiff's complaint against Judge Johnson a lone.

In Exhibit No. 1, it shows clearly that the defendants Hogan and Caffrey inform the United States Probation Officer Dora Mendoza, in Beaumont, Texas, that the disposition of the case end in a "Plea of guilty", so why defendant Hogan did not inform the Honorable Justice Kelly that the disposition was a plea of guilty as he did on January 14, 2005, when he testify at the hearing.

In the Fed. R. Civ. Proc. Rule 4(n), ("(2) Upon a showing that personal jurisdiction over a defendant cannot, in the district where the action is brought be obtained with reasonable efforts by service of **summons** in any manner authorized by this rule the court may assert jurisdiction over any of the defendant's assets found within the districe by seizing the assets under the circumstances and in the manner provided by the law of the state in which the district court is located.")

In this plaintiff's case the plaintiff is not asking the Honorable Court to seize any of the defendants' assets but only to Petition for Writ of Attachment to make sure that three point three million Dollars is there if the plaintiff win at a trial.

## IV.   CONCLUSION

**WHEREFORE,** this Plaintiff pray this Honorable Court <u>ORDER</u> for demand of writ on Attachment to the defendants and submit proof of same to the clerk of court forthwith, to be held until final adjudication of said above civil action.

                                              Respectfully submitted,

_(signature)_
Owen Garth Hinkson, Pro Se.
Reg. No. 17785-038
FCI Ray Brook
P.O. Box 9001
Ray Brook, New York 12977-9001

Dated: 9/20/2005.

cc:

### CERTIFICATE OF SERVICE

I, Plaintiff Owen Garth Hinkson, hereby serve a true copy of this Plaintiff's Petition For Writ Of Attachment Pursuant to Fed. R. Civ. P. Rule 64, to all named defendants in this Civil Action, On this __20__, day of __September__, 2005, by first class U.S. Mail, by placing it in the United States Post Box at FCI Ray Brook, New York. Postage Prepaid, and address to the last known address:

TO: Hogan; Wellington, and Caffrey.
Boston Municipal Court Deportment
Edward W. Brooke Courthouse
24 New Chardon Street
Boston, Massachusetts 02114

_(signature)_
Owen Garth Hinkson, Pro Se.

5

(Ex. No. 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | PRESENTENCE INVESTIGATION REPORT |
| | § | |
| OWEN GARTH HINKSON | § | Docket No. 1:97CR134(02) |
| aka CHARLES WILLIAMS | | |

**Prepared For:**   Honorable Howell Cobb
U.S. District Judge

**Prepared By:**   Dora Mendoza
U.S. Probation Officer Assistant
Beaumont, Texas
(409) 839-2558

**Assistant U.S. Attorney**
Michelle Englade
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538

**Defense Counsel**
Greg C. Gladden
3017 Houston Avenue
Houston, Texas 77009
(713) 880-0333

**Sentence Date:**   Pending.

**Offense:**   <u>Count 4:</u>   Reentry of a Removed Alien [8 U.S.C. § 1326(a) and (b)(2)].
Not more than 20 years imprisonment; a $250,000 fine, or both; supervised release of not more than three years; and a $100 special assessment.
A Class C felony.

**Release Status:**   Arrested and detained since September 23, 1998.

**Detainers:**   Immigration and Naturalization Services.

**Codefendants:**   Clive Anthony Brown aka David Anthony Little.

**Related Cases:**   None.

**Date Report Prepared:**   September 8, 1999   2A   **Date Report Revised:**   November 4, 1999
**Second Revision:**   March 23, 2000

Therefore, the 1998 edition of the Guidelines Manual has been used in this case.

Count 4 -- Reentry of a Removed Alien

12. **Base Offense Level:** The United States Sentencing Commission Guideline for a violation of 8 U.S.C. § 1326(a) is found in U.S.S.G. § 2L1.2 and provides for a base offense level of eight. <u>8</u>

13. **Specific Offense Characteristic:** On November 16, 1987, the defendant was convicted on charges of assault and battery on a police officer in the Boston, Massachusetts, Municipal Court Jury Session. On May 15, 1989, the defendant was ordered deported from the United States by an Immigration judge. On September 20, 1990, the defendant was convicted of reentry of an excluded alien in the U.S. District Court in the District of Massachusetts. He was deported to Jamaica from the United States on February 27, 1995. Subsequently, on October 5, 1995, he was convicted on reentry of an excluded alien in the U.S. District Court of the Northern District of Georgia. On August 27, 1996, the defendant was ordered deported, and on October 31, 1996, he was deported to Jamaica. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A), if the defendant previously was deported after a criminal conviction, and the conviction was for an aggravated felony, increase by 16 levels. <u>+16</u>

14. **Victim-Related Adjustments:** None. <u>0</u>

15. **Adjustments for Role in the Offense:** None. <u>0</u>

16. **Adjustment for Obstruction of Justice:** At the time of the defendant's arrest for the instant offense, he advised police officers that his true name was Charles Williams. He was processed by police and later indicted under that name. Subsequent investigation and fingerprint analysis revealed the defendant's true name to be Owen Garth Hinkson. U.S.S.G. § 3C1.1, commentary (n.4g), states providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution is the type of conduct to which an obstruction of justice enhancement applies. Therefore, a two-level increase is warranted. <u>+2</u>

17. **Adjusted Offense Level (Subtotal):** <u>26</u>

18. **Adjustment for Acceptance of Responsibility:** The defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Additionally, he was timely in notifying authorities of his intention of entering a plea, thereby permitting the Government to avoid preparing for trial. Pursuant to U.S.S.G. § 3E1.1(a) and (b), the offense level is reduced by three levels. <u>-3</u>

19. **Total Offense Level:** <u>23</u>

5

| | | | | | |
|---|---|---|---|---|---|
| 30. | 12/24/85<br>(Age 24) | Disorderly Conduct,<br>Bronx, New York,<br>Criminal Court | 12/24/85 - 10 days<br>imprisonment or<br>$150 fine.<br>Represented by<br>attorney. | 4A1.2(c)(1) | 0 |

Available material indicates that on December 24, 1985, the defendant was arrested for the offense of criminal impersonation in the second degree. On that same day, he pled guilty to disorderly conduct. Additional information regarding the offense is not available.

| | | | | | |
|---|---|---|---|---|---|
| 31. | 08/21/87<br>(Age 26) | Assault and Battery on<br>Police Officer, Boston,<br>Massachusetts,<br>Municipal Court Jury<br>Session | 11/16/87 - Pled<br>guilty; 1 year<br>imprisonment,<br>sentence<br>suspended to 1<br>year probation.<br>09/28/89 -<br>Probation revoked<br>to 1 year<br>imprisonment.<br>04/17/90 - Paroled<br>until 09/27/90.<br>Represented by<br>attorney. | 4A1.1(b) | 2 |
| 32. | 08/21/87<br>(Age 26) | Disorderly Conduct,<br>Boston, Massachusetts,<br>Municipal Court Jury<br>Session | 11/16/87 - Guilty;<br>3 months<br>imprisonment,<br>suspended to<br>unknown term of<br>probation. | 4A1.2(c)(1)<br>4A1.2(e)(3) | 0 |

Boston police records reveal that on August 21, 1987, an off-duty Boston police officer observed a female standing in the middle of a street, creating traffic problems. The officer exited his vehicle and approached the female. He identified himself as a Boston police officer. At that, time he noticed a smell of marijuana and observed the defendant smoking a marijuana cigarette. The officer displayed his badge and identified himself to the defendant, who responded, "Go the fuck around her or I'll kick your ass." The officer again identified himself, and the defendant continued to approach the officer stating, "I don't give a fuck if you are a cop or not, I'm gonna fuck you up." The officer approached the defendant, attempting to place him under arrest. At that time, an unknown male appeared on a nearby second-floor porch and pointed a gun at the officer. Two officers, on routine patrol, arrived at the scene, and upon seeing them, the defendant fled on foot. Officers caught up with the defendant, and after a brief but violent struggle, the defendant was taken

9

confinement.

Restitution

76. Restitution is not an issue in this case.

**PART E. FACTORS THAT MAY WARRANT DEPARTURE**

77. The probation officer has no information concerning the offense or the offender which would warrant a departure from the prescribed sentencing guidelines.

Respectfully submitted,

KENNETH LABORDE, Chief
U.S. Probation Officer

DM/jrh                              By:    _____
                                           Dora Mendoza
                                           U.S. Probation Officer

Approved:

_____
Karen Koch, Supervising
U.S. Probation Officer
Date: March 23, 2000

17