IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON, | : | |
| Plaintiff, | : | |
| vs. | : | **Civil** Action No. 05-10822-JLT |
| DANIEL J. HOGAN, CLERK MAGISTRATE; | : | PLAINTIFF'S AMENDED COMPLAINT TO SHOW A VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION |
| MARILYN WELLINGTON, COURT ADMINISTRATOR; | : : | |
| FRANCIS J. CAFFREY, CLERK, et al. | : | PLAINTIFF'S 42 U.S.C. § 1983 COMPLAINT IS NOW AMENDED |
| Defendants. | : | |
| | : | |

## I.   INTRODUCTION

This is the Plaintiff's Amended Complaint and Civil Action brought to redress the deprivation by Defendants of rights secured to the Plaintiff by the United States Constitution and laws of the United States of America and the laws of the Commonwealth of Massachusetts.

Subsequent to the lawful filing pursuant to Massachusetts General Law Chapter 278, Section 29D, and Massachusetts Criminal Procedure Rule 30(b), and each named defendant presented an incorrect Boston Municipal Criminal Court Docket Sheet to denied the Plaintiff Due Process of law, Equal Protection of laws, and subject the Plaintiff to Cruel And Unusual Punishment.

Plaintiff filing this Complaint Pro Se. See, **Haines v.-- Kerner, 404 U.S. 519, 520 (1972).** With this as a background,

Plaintiff Owen Garth Hinkson, does hereby complain as follows:

## II.   JURISDICTION

**1.**   This Court has jurisdiction over this action under provisions of 28 U.S.C. §§ 1331, 1332, 1342 & 1343, because it is filed to obtain compensatory and punitive damages for the deprivation, under color of state law, of rights of citizens and non-citizens of the United States secured by the Constitution and federal law pursuant to 42 U.S.C. §§ 1991 & 1983.

**2.**   Venue is proper under 28 U.S.C. § 1391(e)(2), because the events giving rise to Plaintiff's claims occurred in this judicial district.

## III.   PARTIES

**3.**   Plaintiff Owen Garth Hinkson, ("Plaintiff" or "Hinkson") is a citizen of Jamaica and currently resides at the Federal Correctional Institution in Ray Brook, New York 12977-70 9001. Prior to his arrest on September 23, 1998, Hinkson resided in Boston, Massachusetts.

**4.**   At all times relevant herein and upon information and belief, Defendant Daniel Hogan ("Defendant" or "Hogan"), Marilyn Wellington ("Defendant" or "Wellington"), Francis Caffrey ("Defendant" or "Caffrey")was and remains as officers in the Boston Municipal Criminal Court Department, with their principal place of business being Boston Municipal Court 1

---

1.   The United States Marshals Service stated in its Return of Service that Defendant Wellington no longer work in Boston, and Defendant Caffrey was on sick lve.

2

Department, with their principal place of business being Boston

Municipal Court, Edward W. Brooks Courthouse, 24 New Chardon

Street, Boston, Massachusetts 02114. At the time of the

Constitutional violations detailed herein, the defendants was

acting under the direction of Ms. Marilyn Wellington, Court

Administrator for the Boston Municipal Court Department, Daniel

J. Hogan, Clerk Magistrate, and Charles R. Johnson, Chief

Justice for the Boston Municipal Criminal Court Department, 2

which in turn supervised by the Supreme Judicial Court of

Massachusetts. These Constitutional violation started after

October 6, 1999, and continued pass February 1, 2005. These

defendants actions, or inactions, deprived plaintiff of fairness

and that in turn deprived the plaintiff of "his liberty" and

under the United States Constitution Fourteenth Amendment,

Section 1, which states that "Nor shall any State deprive any

person of life, liberty or property, without due process of

law." This Plaintiff was also deprived of Equal Protection of

G.L. c. 278, § 29D, and that deprivation also deprived the

Plaintiff of "his liberty." 3

---

2.    This Honorable Court gave the Plaintiff (42) days to show
cause why the court should not dismiss the plaintiff's complaint
against Judge Johnson, the plaintiff did not file such a motion
and agreed that the court dismiss the plaintiff's complaint
against Judge Johnson, a lone.

3.    Associate Justice Sally A. Kelly's Order Dated December
20, 2000, states: "As the Defendant never pled guilty or nolo
contendere, the protections provided in G.L. c. 278, § 29D do
not apply to him." In this Plaintiff's case it is clear from the
records that the protection of G.L. c. 278, § 29D, did apply to
the plaintiff. The incorrect Boston Municipal Court's Docket
Sheet was used to denied the plaintiff fairness and it came from
defendants.

5. Under the Plaintiff's Equal Protection claim the
Plaintiff will show that there was a disparity between other
defendant with the same issue, pursuant to G.L. c. 278, § 29D,
in Commonwealth v. Harvey, District Court Department Springfield
Division Criminal No. 93-23-CR515, this Plaintiff prepared the
same issue for Mr. Harvey, with his docket sheet showing that he
did not received the alien warning, and when the District Court
in Springfield, Massachusetts would not answer to Mr. Harvey's
Motion I then wrote a letter for Mr. Harvey, to the Supreme
Judicial Court Administrative Attorney Pamela Lyons and ask her
to see to it that the trial court answer to Mr. Harvey's Motion
and Ms. Lyons send Mr. Harvey, a letter asking him to send a
second copy of his Motion to the trial court and he did just as
Ms. Lyons ask him to do, after Mr. Harvey send his motion the
Springfield District Court vacated and Dismissed Mr. Harvey's
conviction on October 7, 2004,. At that same month Plaintiff
send Ms. Lyons a letter and point out to her what had happen and
Ms. Lyons send Defendant Marilyn Wellington, a letter states:
"Attached please find correspondence from Owen Garth Hinkson.
Would you be so kind as to check on the status of his motion and
take whatever action, if any, you deem necessary." Defendant
Marilyn Wellington, never take any action at all.

4

## IV.   STATEMENT OF FACTS

**6.**   Plaintiff Owen Garth Hinkson's Attorney Mr. William
C. Penkethman, Jr., filed a Motion to Vacate Judgment of
Conviction pursuant to G.L. c. 278, § 29D, on or about October
6, 1999, and on December 20 2000, the Boston Municipal Criminal
Court Justice Sally A. Kelly, denied the motion. The basis of
this denial was that the defendant had been found guilty after a
bench trial, and that being the case, the statute did not apply.

**7.**   On or about October 21, 2003, Plaintiff located the
then trial counsel and obtain an affidavit and in the affidavit
the trial counsel inform the Commonwealth and the Boston
Municipal Criminal Court that the Court's Docket Sheets was
incorrect, and that the plaintiff did not had a bench trial he
had a guilty plea. The Commonwealth then located the then trial
counsel and agreed that the plaintiff did had a guilty plea, and
ask the Boston Municipal Criminal Court te re-hear the Motion
to Vacate Judgment of Conviction first filed no or about
October 6, 1999, because it was denied in error.

**8.**   On or about December 12, 2003, plaintiff re-filed
the motion to Vacate Judgment of Conviction, and on that same
date plaintiff ask the Supreme Judicial Court Administrator,
Ms. Pamela Lyons, to see that the Boston Municipal Court hear
the plaintiff's motion, and on January 14, 2004, Ms. Lyons,
send a letter to the Boston Municipal Court Administrator, Ms.
Wellington. (Ms. Lyons' letter to Ms. Wellington, states as

5

follows:("By this letter I am forwarding to you, for whatever action you deem necessary, the enclosed correspondence from Owen Garth Hinkson.") Defendant Wellington did not take any action at all.

**9.** On February 2, 2004, Defendant Francis Caffrey, Clerk send the plaintiff a letter after 3 or 4 phone conversation and after telling the plaintiff that the Chief Justice would not hear the plaintiff's motion without any attorney for the plaintiff. Mr. Caffrey's letter states as follows: ("The Court will notify you as to the name of the Attorney who has been assigned to represent you. At the present time we are waiting for the Committee for Public Counsel Service to inform the Court as the Attorney's named.")

**10.** On April 19, 2004, plaintiff send a letter to the Committee for Public Counsel Service ("CPCS") **and** Mr. Donald S. Bronstein, Esq., inform plaintiff that: ("CPCS has not received any Notice of Assignment of Counsel from the Court, ...") So it is clear from the record that Defendant Caffrey mislead ("lied") the plaintiff.

**11.** Defendant Daniel J. Hogan, duty as the Clerk Magistrate, is to keep correct Court ("Records") Docket Sheets, and when Defendant Hogan, present the incorrect docket sheets to the Honorable Sally A. Kelly, J., and the Honorable Sally A. Kelly used that incorrect record to denied the plaintiff's Motion to Vacate Judgment of Conviction that violated fairness to plaintiff. (See, **"Sellers v. Bureau Of Prisons, 959 F.2d 307,**

312 **(D.C. Cir. 1992)** As long as the information contained in an
agency's files is capable of being verified, then, under section
(e)(5) and (g)(c) of the Act the agency must take reasonable
step to maintain the accuracy of the information to assure
fairness to the indivual.")

    **12.** On December 12, 2003, Plaintiff Owen Garth Hinkson,
bring these constitutional violations to the former Defendant
Charles R. Johnson, Chief Justice of the Boston Municipal Court
Department and ask that he address the issue has the head of
that Department and he take no action on plaintiff's request.
This former Defendant Charles R. Johnson, Chief Justice of the
Boston Municipal Criminal Court, violated the oath of his
office, when he did not take any action. In the Commonwealth of
Massachusetts Commission on Judicial Conduct Annual Report 2001
(A) Adjudicative Responsiblities (4) A judge should accord to
every person who is legally interested in a proceeding, or his
lawyer... (5) A judge should dispose promptly of the business
of the court. In this plaintiff's case the Honorable Chief
Justice Johnson did not follow the law of the Commonwealth of
Massachusetts or the laws of the United States, and that
violate the constitutional rights that protect the plaintiff. 4

---

4.   In this amended complaint the plaintiff re-stated the fact
in the first complaint but plaintiff will not seek to reinstate
Defendant Johnson as a defendant. This Amended Complaint is to
add an **eighth amendment violation to the plaintiff's complaint,**
and would not change the first set of facts.

**13.** On January 14, 2005, Defendant ("Hogan appears and testifies. Defendant's Motion to Reconsider Defendant's Motion to Vacate Judgment of Conviction Allowed after hearing.") Hogan inform the Boston Municipal Criminal Court that its order dated December 20, 2000, denied the plaintiff fairness and the Court's docket sheets was incorrect.

**14.** Dueing all time mentioned in this complaint, these defendants was acting under color of state law, that is, under color of the constitution, statute, law, charter, ordinances, rule, regulations, customs and usages of the Commonwealth of Massachusetts, the City of Boston and the United States of America.

**15.** These defendants should have known that their actions violated clearly established law protecting  constitutional and statutory rights of plaintiff, and by correcting the record at this late stages does not cure the constitutional violations the plaintiff suffer.

8

## CAUSE OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION

### Violation of Constitutional Rights Under Color of State Law --Due Process Violation--

**16.** Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraph 1 through 15.

**17.** Each Defendant have knowledge of the incorrect Court Docket Sheet and take no action to correct it until January 14, 2005, when Plaintiff request counsel through the Committee for Public Counsel Service ("CPCS"), on April 19, 2004, and the Committee apointed Attorney Adriana Contartese, Esq. See Paragraph 9 of the plaintiff's complaint. The District Attorney's Office notify the defendants that the Court's Docket Sheets was incorrect and agreed that a hearing would be helpful to resolving the issues in that case, but the defendants at that time take no action, nor make no effort to redress the issues. The defendants' conduct represents a violation of plaintiff's rights under the Fifth Amendment to the United States Constitution and through the Fourteenth Amendment to the state. These defendants was fully aware that plaintiff has been enhance in a federal sentence by this prior conviction and vacating this conviction would mean that the plaintiff was actual innocent of the federal enhancement and deportation.

**18.** This conduct on the part of defendant Hogan, Wellington, and Caffrey, represent a violation of 42 U.S.C. § 1983, giving that their actions were undertaken under

9

color of state law.

   **19.**  As a direct and proximate result of this
unconstitutional acts described above, plaintiff has been suffer
irreparably damage.

## AS AND FOR SECOND CAUSE OF ACTION

### Violation of Constitutional Rights Under Color of State Law --Equal Protection of Law--

**20.** Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraph 1 through 20.

**21.** The Equal Protection Clause of the United States Constitution the Fourteenth Amendment, has been violated by Defendant Hogan and Defendant Caffrey,.

**22.** On or about October 6, 1999, Plaintiff's Attorney Mr. William C. Penkethman, Jr., first filed a Motion to Vacate Judgment of Conviction pursuant to G.L. c. 278, § 29D, the Motion was filed with the Defendants' Hogan and Caffrey Department, that department is the Clerk's Office and the Clerk must take reasonable step to maintain the accuracy of its information that goes to the Justices to assure fairness to on indivdual. On December 20, 2000, each defendants transport a set of docket sheets with incorrect information to the Honorable Justice Sally A. Kelly, to denied the plaintiff's motion and also to denied the plaintiff Equal Protection of G.L. c. 278, § 29D, and fairness to that law, Due Process, and Cruel and Unusual Punishment.

**23.** Had each defendant review the complete court records including Mr. Mark H. Vanger's notice of appearance form, it would have shown the defendants that the information on the docket sheets was incorrect and inform the Honorable Sally A Kelly, that the records was incorrect and her ruling was in error.

11

**24.** Had the defendants inform the Honorable Sally A. Kelly, that the Court's records was incorrect her ruling would have been a ruling just hast.the January 14, 2005, ruling and the United States Court of Appeals for the Fifth Circuit, would have remanded the plaintiff's federal case for a re-sentence. At this time it is too late and the United States District Court for the Eastern District of Texas stated in its March 16, 2005, order in Docket No 1:05-cv-96: ("Here, movant is barred from proceeding without first receiving permission from the Fifth Circuit.") Plaintiff then went to the Fifth Circuit and was turn down so plaintiff has no other way of getting redress, the plaintiff only have twelve months to complete this sentence and a 28 U.S.C. § 2241, would take more than a year to be herd by a federal District Court Judge.

**25.** This conduct on the part of all the defendants represents a violation of the United States Constitution the Fourteenth Amendment Due Process, Equal Protection of Massachusetts General Law Chapter 278, Section 29D, Eighth Amendment Cruel And Unusual Punishment, and a violation of 42 U.S.C. § 1983, givin that their actions was undertaken under color of state law.

**26.** As a direct and proximate result of unconstitutional acts described above, plaintiff has been suffer irreparably damages. 5

---

5.    The Defendants' conduct deprived the plaintiff of his freedom when the Boston Municipal Court's Justice Sally A. Kelly used the incorrect court docket sheets to denied plaintiff's motion, on Defember 20, 2000,.

## AS AND FOR THIRD CAUSE OF ACTION

### Violation of Constitutional Rights Under Color of State Law
### --Cruel And Unusual Punishment--

**27.** Plaintiff incorporates by reference and realleges each and every allegation stated in Paragraph 1 through 27.

**28.** The United States Constitution, the Eighth Amendment protected plaintiff from Cruel And Unusual Punishment, and these defendants Daniel Hogan, Marilyn Wellington, and Francis Caffrey, violated the Eighth Amendment to the United States Constitution when they present an incorrect Boston Municipal Court Docket Sheet to the Honorable Sally A. Kelly, and the Honorable Sally A. Kelly, used the incorrect docket sheet to denied the Plaintiff fairness.

**29.** Plaintiff's Attorney Mr. William C. Penkethman, Jr., filed a Motion to Vacate Judgment of Conviction pursuant to G.L. c. 278, § 29D, on or about October 6, 1999, when Plaintiff became aware that the United States District Court for the Eastern District of Texas, would used the Plaintiff's prior Massachusetts conviction to enhance the plaintiff's federal sentence. The plaintiff's federal sentence was for re-entry of a removal alien and G.L. c. 278, § 29D, protecte a person that did not received the alien warning.

**30.** On or about April 28, 2000, plaintiff was sentence in the United States District Court for the District of Texas, to 110 months in federal prison for the re-entry charge, while the plaintiff's motion was still pending in the Boston Municipal

13

Criminal Court Department. At that time Plaintiff's Attorney in Texas, appeal the conviction to the United States Court of Appeals for the Fifth Circuit, while the federal appeal pending the Assistant District Attorney For the Suffolk District, on August 8, 2000, file a Memorandum in opposition to Defendant's Motion to Vacate Conviction in the Boston Municipal Court and he states as follows: "In motion to vacate, the defendant claims that his conviction resulted from a plea agreement.    In fact it appears that the Boston Municipal Court, Bakas, J., found the defendant guilty at trial."

31.  Clerk Magistrate Daniel J. Hogan, Marilyn Wellington Court Administrator, and Francis Caffrey, has a duty to inform the Court, that the defendant did had a guilty plea and that the docket sheets was incorrect. The defendants fail to do so. In that case plaintiff contest it for years and the defendants did not inform the court that the docket sheets was incorrect. At that time plaintiff spend 5 years going on 6 years in federal prison behind the Massachusetts conviction.

32.  As a direct and proximate result of unconstitutional acts described above, plaintiff has been suffer irreparably damages.₆

_____

6.    In this case the plaintiff in-form the defendants on October  6, 1999, and Attorney Mark H. Vanger, also inform the defendants that the Boston Municipal Court Docket Sheets was incorrect and also the Suffolk County District Attorney inform the defendants and the defendants take no action. In fact the defendants continued to mislead the plaintiff. The defendants actions possess the mindset necessary to establish deliberate indifference.

14

## V . PLAINTIFF SHOWS DAMAGES THAT RELIEF SHOULD BE GRANTED UPON

**33.** Defendant Hogan deprived plaintiff of rights protected under Constitution of the United States (1) Due Process; (2) Equal Protection of Massachusetts General Law Chapter 278, Section 29D ("No State shall . . . deny to any person within its jurisdiction the protection of the laws."); because the Defendant Hogan, and Caffrey, present an incorrect court docket sheets to Justice Sally A. Kelly, she states as follows: ("As the Defendant never pled guilty or nolo contendere, the protections provided in G.L. c. 278, § 29D do not apply to him."); (3) the Defendants Unconstitutional Acts deprived plaintiff of fairness and cause plaintiff to suffer from violation of Eighth Amendment Cruel And Unusual Punishment. The Defendant Daniel Hogan is now sue for $1.1 Million, for Unconstitutional violation that deprived plaintiff of fairness in the Boston Municipal Court's order dated December 20, 2000. The January 14,, 2005, order shows that the plaintiff was denied fairness on December 20, 2000.

**34.** Defendant Marilyn Wellington's action rise to the level of clearly Due Process; Equal Protection of Laws; and Cruel And Unusual Punishment: (1) Defendant as the Boston Municipal Court Administrator she became actually aware of facts which an inference could be drawn that the Boston Municipal Court docket sheets was incorrect and that it had denied the plaintiff fairness; (2) the Supreme Judicial Court

15

Administrative Attorney Ms. Pamela Lyons, ask her to take action
and the defendant take no action at all. In this case Defendant
Wellington, deliberately disregard the business of the Boston
Municipal Criminal Court Department, and that denied the
plaintiff due precess, equal protection of laws, and cause upon
plaintiff cruel and unusual punishment. The Defendant Wellington
is now being sue for $1.1 Million.

35. Defendant Francis Caffrey's action denied plaintiff
of due process, equal protection of laws, and cause upon
plaintiff cruel and unusual punishment; (1) defendant Caffrey
deliberately send the plaintiff a misleading letter on February
2, 2004, that statest "the Boston Municipal Court as assign
counsel, when defendant Caffrey knew that the court has not
assign any counsel at all; and (2) defendant should have known :
that his actions violated the United States Constitution.
Therefore, defendant Caffrey is now sue for $1.1 Million.

36. In Plaintiff's first complaint paragraph 29, would
shows damages that relief should be granted upon for defendant
Charles Johnson, but as the Plaintiff agreed that defendant
Johnson, would no longer be a defendant, then Plaintiff would
not state this ground.

### VI . PLAINTIFF DEMAND MONEY DAMAGES

37. This Plaintiff sued each defendant in their Personal
and Professional capacity. Plaintiff sue defendant Daniel Hogan,
in his Personal and Professional capacity for $1.1 Million;

16

Plaintiff sue defendant Marilyn Wellington, in her Personal and Professional capacity for \$1.1 Million; plaintiff sue defendant Francis Caffrey, in his Personal and Professional capacity for \$1.1 Million; and plaintiff agreed to dismissed the plaintiff's complaint against defendant Charles R. Johnson,.

## VII.  DEMAND FOR PUNITIVE DAMAGES

**38.**  The actions of all the defendants described herein were extreme and outrageous, and shock the concience of a reasonable person. Consquently, an award of punitive damages is appropriate to punish the defendants for their actions and uncivilized conduct. The plaintiff also hereby demand a trial by jury. 7

## VIII.   PLAINTIFF COMPLETED ADMINISTRATIVE REMEDIES

**39.**  On November 3, 2004, this plaintiff filed his Complaint in the U.S. District Court against all four defendant and received a docket number 1:04-cv-12440-JLT, and one week after filing his complaint, on November 10, 2004, plaintiff filed a letter indicating, among other things, that he seeks to withdraw the above-entitled case and that intends to file the case after he exhausts his adimistrative remedies.

---

7.  This plaintiff's attorney first filed his Motion to Vacate Judgment of Conviction pursuant to G.L. c. 278, § 29D, on October 6, 1999, and this plaintiff contest the Boston Municipal Criminal Court, Case No. 87-5796-97, for almost (6) six years, and there is no way that these defendants should not have known that the plaintiff did not have a beanch trial. In that case the attorney's notice of appearance form was enough to show that it was a guilty plea.

On January 14, 2005 and February 1, 2005, all administrative
remedies was completed, any administrative remedies that was not
answer to , are denied. However, plaintiff suffer damages from
the action of each defendant: (1) each defendant should have
known that the Boston Municipal Court Docket Sheets was incor-
rect and such a incorrect docket sheets deprived the plaintiff ⟨⟩
fairness (2) the deprivation of fairness cause the plaintiff to
remain in federal prison from December 20, 2000, until this date
date, and (3) the ruling in the administrative remedies a-lone
connot compensate for the damages that the plaintiff suffer. In
this case from December 20, 2000, until this date is almost four
and one half years in federal prison and still counting.

## IX.  CONCLUSION

**40.  WHEREFORE,** Plaintiff pray that this Honorable Court
allow this Amended Complaint pursuant to plaintiff's 42 U.S.C.
§ 1983, Complaint filed with this Honorable Court on April 18,
2005.

Respectfully submitted,

Owen Garth Hinkson, Pro Se.
Reg. No. 17785-038
Federal Correctional Institution
Ray Brook
P.O. Box 9001
Ray Brook, New York 12977-9001

cc: Defendants' Attorney
    **Maura D. McLaughlin, Esq.**
    Office of the Attorney General
    One Ashburton Place, 18th Floor
    Boston, MA 02108

18

## X.   CERTIFICATE OF SERVICE

41.   I, Owen Garth Hinkson, hereby certify that I have served a true copy of Plaintiff's Amended Complaint upon the defendants' attorney on this __15__ , day of __October__ , 2005, by first class U.S. Mail, postage prepaid; by placing it in the U.S. Mail Box at FCI Ray Brook, New York, address to the last known address:

TO: **Maura D. McLaughlin, Esq.   (BBO # 634923)**
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108

Owen G. Hink
Owen Garth Hinkson, Pro Se.

Dated: *10 /15*/2005.

19