UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| OWEN HINKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10822-JLT |
| | ) | |
| DANIEL HOGAN, Clerk Magistrate; | ) | |
| MARILYN WELLINGTON, Court | ) | |
| Administrator; FRANCIS J. CAFFERTY, | ) | |
| Clerk; CHARLES R. JOHNSON, Chief | ) | |
| Justice Boston Municipal Court; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Now comes Daniel J. Hogan, a defendant in the above-captioned matter,[1] and moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the plaintiff's Amended Complaint.[2] As grounds for this motion, and as is set forth more fully in the

---

[1] As of October 25, 2005, the date this motion was filed, the docket did not reflect any service of process on any defendant other than Daniel J. Hogan. The plaintiff appears to acknowledge that he has not made service on Marilyn Wellington or Francis Caffrey in footnote 1 in his Amended Complaint, in which he states that "[t]he United States Marshals Service stated in its Return of Service that Defendant Wellington no longer work[ed] in Boston, and Defendant Caffrey was on sick leave." *See* Plaintiff's Amended Complaint, p. 2, n. 1.

[2] Since the plaintiff's Amended Complaint was mailed to undersigned counsel on October 15, 2005, prior to the time Mr. Hogan had responded to the initial complaint, the motion to dismiss addresses the claims in the Amended Complaint. While Mr. Hogan does not acknowledge that mailing the Amended Complaint to his counsel constituted proper service, he believes that the arguments in support of this motion apply with equal force to the claims made in the Amended Complaint and the original complaint, and thus the Amended Complaint, like the original complaint, should be dismissed. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, this motion is filed within ten days of service of the plaintiff's Amended Complaint.

accompanying memorandum of law, the plaintiff's complaint does not state a claim upon which relief may be granted because (1) Mr. Hogan, in his official capacity, is not a "person" subject to suit under 42 U.S.C. § 1983 ("Section 1983"); (2) in his individual capacity, Mr. Hogan is immune from suit under the doctrine of judicial immunity; and (3) the plaintiff's Section 1983 claim cannot stand because the claim alleges only negligence on Mr. Hogan's part, and negligence alone will not support a Section 1983 claim.

      WHEREFORE Defendant Daniel J. Hogan respectfully requests that this Court dismiss all claims in the plaintiff's Amended Complaint with prejudice.

Respectfully submitted,

DANIEL J. HOGAN,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: October 25, 2005

## Certificate of Service

      I hereby certify that on October 25, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Owen Garth Hinkson, plaintiff *pro se*, 17785-038, Federal Correctional Institution, P.O. Box 9001, Ray Brook, New York, 12977.

      /s/ Maura D. McLaughlin
      Maura D. McLaughlin