UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OWEN HINKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-10822-JLT |
| | ) | |
| DANIEL HOGAN, Clerk Magistrate; | ) | |
| MARILYN WELLINGTON, Court | ) | |
| Administrator; FRANCIS J. CAFFERTY, | ) | |
| Clerk; CHARLES R. JOHNSON, Chief | ) | |
| Justice Boston Municipal Court; et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT DANIEL HOGAN'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

Now comes Daniel J. Hogan ("Mr. Hogan"), a defendant in the above-captioned matter, and moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and submits the following memorandum of law in support of his motion to dismiss the plaintiff's complaint. As grounds for his motion, and as is set forth more fully herein, Mr. Hogan states that the plaintiff's Amended Complaint does not state a claim upon which relief may be granted because (1) Mr. Hogan, in his official capacity, is not a "person" subject to suit under 42 U.S.C. § 1983 ("Section 1983"); (2) in his individual capacity, Mr. Hogan is immune from suit under the doctrine of judicial immunity; and (3) the plaintiff does not state a cause of action under Section 1983 because his Amended Complaint alleges only negligence on Mr. Hogan's part, and negligence alone will not support a Section 1983 claim.

## BACKGROUND

The plaintiff has brought a claim against Mr. Hogan alleging violations of 42 U.S.C. § 1983.[1] The plaintiff's complaint appears to hinge upon the allegation that an error in the docket sheet for his criminal trial caused a trial court judge initially to deny the plaintiff's motion to vacate his conviction (and that once the docket sheet was corrected the motion to vacate was allowed). *See* Plaintiff's Amended Complaint, ¶¶ 6-13.

The facts alleged by the plaintiff are as follows: the plaintiff alleges that his attorney filed a Motion to Vacate Judgment of Conviction on or about October 6, 1999, pursuant to M.G.L. ch. 278, § 29D, a statute which pertains to a motion to vacate a conviction upon plea of guilty or nolo contendere. On December 20, 2000, the Boston Municipal Court denied the motion on the grounds that the plaintiff had been found guilty after a bench trial, and could not, therefore, avail himself of M.G.L. ch. 278, § 29D, which relates to guilty pleas. *See* Plaintiff's Amended Complaint, ¶ 6. In ruling on this motion, the trial court judge relied upon an incorrect docket entry, which erroneously stated that the petitioner had received a bench trial rather than having pled guilty. *See id.*, ¶ 7.

The petitioner filed a motion to reconsider the Motion to Vacate the Judgment of Conviction. *See* Plaintiff's Amended Complaint, ¶¶ 7-8. On January 14, 2005, the trial court held a hearing in connection with the plaintiff's efforts to have the docket sheet corrected and to have his conviction vacated. *See id.*, ¶ 13. At that hearing, Mr. Hogan testified that the docket entry which was the subject of the plaintiff's complaint was, as the plaintiff asserted, incorrect.

---

[1] As of October 25, 2005, the date this motion was filed, the docket did not reflect any service of process on any defendant other than Daniel J. Hogan.

*See* Plaintiff's Amended Complaint, ¶ 13.  After the hearing, the Boston Municipal Court allowed the motion to reconsider the Motion to Vacate the Judgment of Conviction.[2] *Id.*

Mr. Hogan was, and is, as the plaintiff alleges, the Clerk/Magistrate of the Boston Municipal Court. *See* Plaintiff's Amended Complaint, ¶ 4.  The plaintiff alleges that Mr. Hogan, as Clerk/Magistrate, had a duty to keep correct court records and docket sheets.  *See* Plaintiff's Amended Complaint, ¶ 11.  The plaintiff further alleges that Mr. Hogan failed to keep correct docket sheets with respect to the plaintiff's criminal case, and that the failure to keep correct records caused the Boston Municipal Court initially to deny the Plaintiff's Motion to Vacate the Judgment of Conviction in his criminal case.[3] *See id.*   The plaintiff alleges that Mr. Hogan's failure to keep correct court records with respect to his criminal case violated his due process rights and equal protection rights, and constituted a violation of 42 U.S.C. § 1983.

**ARGUMENT**

A.   Standard of Review

"In considering a motion to dismiss, a court must take the [well pleaded] allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs." *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 988 (1st Cir. 1992).  *See also Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.), *cert. denied*, 515 U.S. 1144, 115 S.Ct. 2581 (1995).  However, this Court need not credit "bald

---

[2] The plaintiff's attorney at the time of the hearing, Adriana Contartese, has confirmed to the undersigned that the underlying Motion to Vacate the Judgment of Conviction was allowed as well as the motion to reconsider.

[3] Mr. Hogan testified at a later hearing on the renewed motion to vacate the judgment that the docket sheet had been in error. *See* Plaintiff's Amended Complaint, ¶ 13.

assertions" or "unsubstantiated conclusions." *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990). Rule 12(b)(6) does not entitle a plaintiff to rest on "subjective characterizations" or conclusory descriptions of a "general scenario which could be dominated by unpleaded facts." *Id.* at 53; *Dewey v. University of New Hampshire*, 694 F.2d 1, 3 (1st Cir. 1982); *see also Murphy*, 45 F.3d at 522.

B.  Defendant Hogan, Acting Within His Official Capacity as Clerk Magistrate, Does Not Fall Within the Meaning of "Person" Under 42 U.S.C. § 1983.

Plaintiff's attempt to sue Defendant Hogan in his official capacity under 42 U.S.C. § 1983 is barred under the law set forth in *Will* v. *Michigan Dept. of State Police*, 491 U.S. 58 (1989). Section 1983 only applies to "persons" who violate an individual's civil rights under the color of state law. As the decision in *Will* explains, however, "neither a State nor its officials acting in their official capacities are 'persons' under 1983." *Id.* at 71. According to *Will*, a suit against Defendant Hogan in his official capacity as Clerk/Magistrate of the Boston Municipal Court is not a suit against the defendant as an individual, but rather a suit against the State office he holds. *Id.* Therefore, a suit against Defendant Hogan in his official capacity is a suit against the State, and plaintiff's suit is barred by the principles of sovereign immunity.[4] *Id.* at 66. Accordingly, the plaintiff is barred from bringing a federal constitutional claim under Section 1983 against Defendant Hogan in his official capacity as Clerk/Magistrate of the Boston Municipal Court.

---

[4] Sovereign immunity principles are codified in the Eleventh Amendment, which guarantees sovereign immunity to the State, allowing only the State itself to waive this immunity. *See Will*, 491 U.S. at 66.

C.  The Complaint Must Be Dismissed Where Defendant Hogan Is Entitled to Absolute Immunity.

Even if the plaintiff's claim is seen as being against Mr. Hogan in his individual, rather than his official capacity, Mr. Hogan is still immune from suit because the claim arises from Mr. Hogan's role as Clerk/Magistrate of the Boston Municipal Court and concerns conduct closely associated with the judicial phase of the judicial process.  Therefore, Mr. Hogan is entitled to absolute immunity from suit under well-established principles of law.  *See Buckley v. Fitzsimmons*, 509 U.S. 259, 267-270, 113 S.Ct. 2606 (1993), and cases cited.

It is well settled that judges and other court officials enjoy absolute immunity from suits based on claims arising out of the performance of judicial or quasi-judicial functions.[5] *See Pierson v. Ray,* 386 U.S. 547, 553-554 (1967)(immunity "is . . . for the benefit of the public, whose interest it is that [public officials] should be at liberty to exercise their functions with independence and without fear of consequences); *Imbler v. Pachtman*, 424 U.S. 409, 427-431 (1976); *LaLonde v. Eissner*, 405 Mass. 207, 210 (1989).  A clerk-magistrate, acting in his official capacity, is among those judicial officers who are entitled to absolute immunity. *Sullivan v. Kelleher*, 405 F.2d 486, 487 (1st Cir. 1968).  In reviewing a claim against a clerk-magistrate, the First Circuit has held that "since the immunity accorded to judges 'extends to other officers of the government whole duties are related to the judicial process,' *Barr v. Matteo*, 360 U.S. 564, 569 (1959), it follows that the instant clerk-magistrate cannot be held personally

---

[5] To determine whether a particular governmental official fits within the common law tradition of absolute immunity, the court must apply a "functional approach." *See Burns v. Reed,* 500 U.S. 478, 484-487 (1991).  This "functional approach" looks to the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269**.**  *See also Antoine v. Byers*, 508 U.S. 429, 113 S.Ct. 2167, 2171 (1993); *Harlow v. Fitzgerald*, 457 U.S. 800, 810 (1982).

5

liable." *Sullivan*, 405 F.2d at 487. When a governmental official is protected by absolute immunity, that protection is not eroded no matter how erroneous the act may have been, how injurious its consequences, how informal the proceedings, or how malicious the motive. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989). *See also Dennis v. Sparks*, 449 U.S. 24, 31 (1980)(allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute immunity).

Here, the plaintiff's sole complaint against Mr. Hogan is that Mr. Hogan failed to record properly the information which the judge had indicated was to be placed on the Boston Municipal Court's records. Mr. Hogan's actions in this matter are clearly the sort of actions which are so closely entwined with the judicial system that they must be afforded absolute judicial immunity. *See Kermit Construction Corp. v. Banco Credito y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976). Accordingly, the complaint against Mr. Hogan should be dismissed. *See Temple v. Marlborough Division of the District Court Dept.*, 395 Mass. 117, 133 (1985)(clerks absolutely immune from suit "for their conduct when acting at a judge's discretion").

D.   The Plaintiff's Amended Complaint Does Not State a Claim under Section 1983 since it Alleges Only Negligence, Not Intentional Violation of the Plaintiff's Civil Rights.

The plaintiff's claim against Mr. Hogan alleges that Mr. Hogan's "duty as Clerk Magistrate, is to keep correct [docket sheets]," and that Mr. Hogan failed to keep such correct docket sheets. *See* Plaintiff's Amended Complaint, ¶¶ 11, 17. The plaintiff further alleges that Mr. Hogan "transport[ed] a set of docket sheets" to the judge who was to hear the plaintiff's motion to vacate his conviction. *See id.*, ¶¶ 22, 28. Finally, the plaintiff alleges that Mr. Hogan

6

"had a duty to inform the Court [] that the [plaintiff] did ha[ve] a guilty plea and that the docket was incorrect."[6] *Id.*, ¶ 31.  These allegations do not state a valid claim under Section 1983, since they sound only in negligence, and a negligence claim does not provide a basis for relief under Section 1983.

To prevail on a section 1983 claim, a plaintiff must prove a violation of a constitutional right by a person or persons acting under color of state law.  *Soto v. Flores*, 103 F.3d 1056, 1061-1062 (1 Cir. 1997), *cert. denied,* 522 U.S. 819, 118 S.Ct. 71, 139 L.Ed.2d 32 (1997).  The Supreme Court has held that there must be an intentional violation of constitutional rights; negligence alone does not support a Section 1983 claim.  *Daniels v. Williams*, 474 U.S. 327, 330-333 (1986); *Brennan v. Hendrigan*, 888 F.2d 189 (1st Cir. 1989).  *See also Orwat v. Maloney*, 360 F.Supp.2d 146 (D.Mass. 2005).

Here, the sum total of the plaintiff's allegations is that Mr. Hogan had a duty to keep the court's records accurate; that Mr. Hogan failed to perform that duty; and that as a result of Mr. Hogan's alleged breach of his duties the plaintiff was damaged.  *See generally* Plaintiff's Amended Complaint.  The plaintiff's alleges, then, that Mr. Hogan failed to exercise due care in maintaining accurate records.  However, the Supreme Court has held that "mere lack of due care by a state official" may not deprive "an individual of life, liberty, or property under the Fourteenth Amendment," *Daniels,* 474 U.S. at 330-331, and thus the petitioner's due process and equal protection claims must fail.  Likewise, the petitioner cannot show a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment since he does not

---

[6] As is noted in the "Background" section, above, Mr. Hogan did later appear and testify to correct the record.

7

allege that Mr. Hogan acted with deliberate indifference to any particular injury, suffering, or other cruel and unusual treatment of the plaintiff (much less that Mr. Hogan acted maliciously or sadistically toward the plaintiff).  *Compare Orwat*, 360 F.Supp.2d at 151-153.  Since the plaintiff's claim is purely one of negligence, his Section 1983 claim must be dismissed.  *See Daniels*, 474 U.S. at 330-331.

## CONCLUSION

For the foregoing reasons, defendant Daniel J. Hogan respectfully requests that this Court dismiss the plaintiff's complaint with prejudice and order judgment in his favor on all counts of the complaint.

Respectfully submitted,

DANIEL J. HOGAN,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Maura D. McLaughlin
Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: October 25, 2005

## Certificate of Service

      I hereby certify that on October 25, 2005, I caused a true and accurate copy of the above document to be served via first class mail, postage prepaid, upon Owen Garth Hinkson, plaintiff *pro se*, 17785-038, Federal Correctional Institution, P.O. Box 9001, Ray Brook, New York, 12977.

                                                /s/ Maura D. McLaughlin
                                                Maura D. McLaughlin