IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No.05-10822-JLT |
| DANIEL J. HOGAN, Clerk Magistrate, et al., | : | **PLAINTIFF'S OBJECTION TO THE DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S 42 U.S.C. § 1983, COMPLAINT** |
| Defendants. | : | |

**Now Comes,** this Plaintiff Owen Garth Hinkson, filing this Motion to Object to the defendants' Motion to dismiss Plaintiff's 42 U.S.C. § 1983, Complaint. The defendants' Motion to dismiss was filed pursuant to **Fed. R. Civ. P. Rule 12(b)(6).** 1

This Plaintiff filing this Motion, Pro Se. See, **Haines v.- Kerner, 404 U.S. 519, 520 (1972).** 2

---

1. On or about September 11, 2005, plaintiff filed his Motion to show his service of process, with the United States Postal Service Certified Mail Receipt showing that all three defendants have been served with the plaintiff's complaint and the Court's summons, but the United States District Court Clerk or Judge, Joseph L. Tauro, has not acknowledge that the plaintiff made service by the United States Postal Service, so plaintiff point out to show that the United States Marshalls Servise stated in its Return of Service that Defendant Wellington no longer worked in Boston, and Defendant Caffrey was on sick leave.

2. On or about September 7, 2005, plaintiff filed his Motion for Leave to serve Defendant Marilyn Wellington and Francis J. Caffrey, by publication, these motion are still pending before the Hon. Joseph L. Tauro, without any ruling on them.

As grounds for this Plaintiff's Motion to Object to the Defendants' Motion to Dismiss, plaintiff will set forth more fully in his accompanying memorandum of law, that the plaintiff's 42 U.S.C. § 1983, Complaint does state a claim upon which relief should be granted because (1) Defendants Hogan, Wellington, and Caffrey, is subject to suit under 42 U.S.C. § 1983, in their individual capacity; (2) in the Honorable Judge, Joseph L. Tauro's Memorandum dated July 20, 2005, *Id.* at ¶ 18, he stated: ("Though it is clear these defendant are protected from any claims against them in their official capacities under the Eleventh Amendment, it is less clear whether they are protected by absolute quasi-judicial immunity for actions, or inactions, allegedly taken in their individual capacities."); and (3) this plaintiff's 42 U.S.C. § 1983 claim can stand because the claim alleges constitutional violations on Defendants Hogan, Wellington, and Caffrey part.

WHEREFORE, Plaintiff Owen Garth Hinkson, Object to the Defendants' Motion to Dismiss in its entirety, and this Honorable Court should deny the defendants' Motion also in its entirety.

Dated: 11 /01/2005

Respectfully submitted,

*Owen G. Hin*
Owen Garth Hinkson, Pro Se.
Reg. No. 17785-038
FCI Ray Brook, P.O. Box 9001
Ray Brook, New York 12977-9001

2