IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No.05-10822-JLT |
| **DANIEL J. HOGAN, Clerk Magistrate, et al.** | : | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO OBJECT TO THE DEFEN-** |
| **Defendants.** | : | **DANTS' MOTION TO DISMISS THE PLAINTIFF'S 42 U.S.C. § 1983 COMPLAINT.** |
| | : | |

## I.    INTRODUCTION

**Now Comes,** this Plaintiff, Owen Garth Hinkson, filing this Memorandum of Law In Support of Plaintiff's Motion to Object to Defendants' Motion to Dismiss the plaintiff's 42 U.S.C. § 1983, Complaint. Plaintiff filing this Memorandum of Law Pro Se. See, **Haines v. Kerner, 404 U.S. 519, 92 S.Ct. (1972).**

The Defendant Daniel J. Hogan ("Mr. Hogan"), in the above-captioned matter, moves, pursuant to Fed. R. Civ. P. Rule 12(b)-(6). Defendant states the following: (1) "Mr. Hogan, in his of-ficial capacity, is not a "person" subject to suit under 42 U.S. C. § 1983 ("Section 1983"); (2) in his individual capacity, Mr. Hogan is immune from suit under the doctrine of judicial immunity; and (3) the plaintiff does not state a cause of action under Section 1983 because his Amended Comlpaint alleges only negligence on Mr. Hogan's part, and negligence alone will not support a Section 1983 claim."

## II.    BACKGROUND

Plaintiff alleges that on or about October 6, 1999, coun-
sel filed on his behalf in the Boston Municipal Criminal Court a
motion to vacate judgment of conviction pursuant to G.L. c. 278,
§ 29D. Amended Complaint, ¶ 6.  Plaintiff further alleges that
Judge Kelly denied his motion on December 20, 2000, on the
ground that the defendant had been found guilty after a bench
trial, and that being the case, the statute did not apply. Id.

Almost three years later, on or about October 21, 2003,
plaintiff obtained an affidavit from trial counsel stating that
the docket sheet relied upon by Judge Kelly incorrectly stated
that defendant had a bench trial, when in fact, plaintiff had
pled guilty. Id.  at. Amended Complaint ¶ 7.  Plaintiff con-
tends that Judge Kelly denied his motion to vacate judgment of
conviction based upon her reliance upon an incorrect docket
sheet. Id. at. Amended Complaint ¶¶ 6-7.

Plaintiff complains that clerk magistrate Hogan's
failure to maintain an accurate docket sheet as well as his
provision of an inccurate docket sheet to Judge Kelly "violated
fairness to Plaintiff." Id. at Amended Complaint ¶ 11.

On December 12, 2003, plaintiff re-filed his motion to
vacate judgment of conviction and simultaneously asked an
administrator at the Supreme Judicial Court "to see that the
Boston Municipal Court hear the Plaintiff's Motion." Id.  at.
Amended Complaint ¶ 8.  Plaintiff complains that Judge Johnson

2

failed to take administrative action when this matter was
brought to his attention on or about December 12, 2003. Id. at.
Amended Complaint ¶ 12. 1

By letter dated January 14, 2004, the SJC administrator
forwarded plaintiff's correspondence to defendant Wellington, an
administrator at the Boston Municipal Court. Id. 2

Plaintiff alleges that after having several phone
conversations with court clerk Caffrey concerning his motion,
defendant Caffrey sent plaintiff a letter dated February 2,
2004, stating that the court will not hear the motion until he
is represented and that the court was waiting for the Committee
for Public Counsel Service ("CPCS") to appoint an attorney. Id.
at. Amended Complaint ¶ 9. 3

---

1.    In the amended complaint the plaintiff re-stated the facts
in the first complaint, but plaintiff will not seek to reinstate
Defendant Johnson, as a defendant.

2.    Plaintiff submit as Exhinit No. 1, and Exhibit No. 2, the
January 14, 2004, letter from SJC administrator to defendant
Wellington the Boston Municipal Court Administrator.

3.    Plaintiff submit as Exhibit No. 3, the April 28, 2004
letter form Mr. Donald S. Bronstein, Esq. from the Committee for
Public Counsel Service ("CPCS"), also as Exhibit No. 4, is a
letter from the Commonwealth Of Massachusetts Commission on
Judicial Conduct.

3

Plaintiff complains that in April 2004, attorney Bronstein of CPCS inform him that CPCS never received from the court a notice of assignment of counsel and plaintiff contends that defendant Caffrey misled plaintiff. Id. at. Amended Complaint ¶ 10. 4

Finally, plaintiff alleges that his motion to vacate judgment of conviction was finally allowed after hearing on January 14, 2005. Id. at Amended Complaint ¶ 13. Plaintiff contends that defendant Hogan testified and informed the court that its order dated December 20, 2000 [denying the motion to vacate judgment of conviction] "denied the Plaintiff fairness and the Court's docket sheet was incorrect." Id.

### III.   LAW & PLAINTIFF'S ARGUMENT

#### A.   Standard of Review

"On a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. **Scheuer v. Rhodes, 416 U.S. 232, 236. 94 S.Ct. 1683, 40 L.Ed. 2d 90 (1974); Villager Pond, Inc. v. Town of Daricn, 56 F.3d 375, 378 (2d Cir. 1995),** cert. denied 519 U.S. 808 117 S.Ct. 50, 136 L.Ed. 2d 14 (1996);

---

4.    Plaintiff submit as Exhibit No. 5, the Fenruary 2, 2004, letter from defendant Caffrey.

4

**Hill v. City of New York,** 45 F.3d 653, 657 (2d Cir. 1995). The court is required to read the complaint with great generosity on a motion to dismiss. **Yoder v. Orthomolecular Nutrition Institute,** 751 F.2d 555 (2d Cir. 1985). The complaint may be dismissed only where 'it appears beyond doubt that the pliantiff can prove no set of facts in support of his claim which would entitle him to relief.' **Allen v. WestPointPepperell, Inc.,** 945 F.2d 40, 44 (2d Cir. 1991) (quoting **Conley v. Gibson,** 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The issue is not whether a plaintiff is likely to prevail ultimately, 'but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.' **Weisman v. LeLandais,** 532 F.2d 308, 311 (2d Cir. 1976) (quoting **Scheuer, supra, at 236, 94 S.Ct 1683).**" 5

**B.**    "Defendant Hogan, Acting Within His Offcial Capacity as Clerk Magistrate, Does Not Fall Within the Meaning of 'Person' Under 42 U.S.C. § 1983."

At the time Honorable Judge Joseph L. Tauro, ordered the plaintiff's complaint to returned for screening pursuant to **28 U.S.C. §§ 1915, 1915A,** he made it clear that the defendants where protected from any claims against them in their official capacities under the Eleventh Amendment. He states as follows: ("Though it is clear these defendants are protected from any claims against them in their official capacities under the Eleventh Amendment, it is less clear whether they are protected by absolute quasi-judicial immunity for actions, or inactions,

5

allegedly taken in their individual capacities. As recognized by the Court of Appeals for the First Circuit, "[t]here is general agreement that court officials, including court reports, who act at the behest of a judge or pursunt to a court order are entitled to absolute quasi-judicial immunity from siut as to those actions, the circuits are split regarding whether such officials are also entitled to absolute quasi-judicial immunity when acting witin the scope of their employment, but not pursunt to the orders of a judge." **Forte v. Sullivan, 935 F.2d 1,3 (1st Cir. 1991)** (footnotes and citations omitted)."

The defendant argument pursuant to ¶ B. has no merits and it fall flat on its face, because the Honorable Joseph L. Tauro, address and states as follows: "To the extent defendants Hogan, Wellington and Caffrey were acting at the behest of a judge or pursuant to a court order, they would be entitled to absolute quasi-judicial immunity from suit. Id. at 3 n. 4. However, if they were acting within the scope of their employment, but not pursuant to the orders of a judge, they may not be entitiled to such immunity. Id. at 3 n. 5.   Therefore, plaintiff's Section **1983** claims against these three defendants will be allowed to proceed at this time."

---

5.    Plaintiff cite this case law in the Standard of Review. See, **McKinley Associates, LLC v. McKesson Hboc. Inc.,** 110 F. Supp.2d 169, 189 (W.D.N.Y 2000); see, Watterson v. Page, 987 F. 2d **1, 3 (1st Cir 1993)** the same.

6

C.    "The Complaint Must Be Dismissed Where Defendant Hogan Is
      Entitiled to Absolute Immunity."

     Plaintiff object to the defendants' contentions, that the

defendants is entitled to absolute immunity. See **Hinkson v. -**

**Hogan, et al.** (D. **Mass. 05-cv-10822-JLT),** Id. at page 7 ("How-

ever, if they were acting within the scope of their employment,

but not pursuant to the order of a judge, they may not be en-

titled to such immunity."). This argument from the defendants

where address by the Honorable Joseph L. Tauro, at the time of

the initial screening pursuant to **28 U.S.C. §§ 1915, 1915A.** See,

**Forte v. Sullivan, 935 F.2d 1,3 (1st Cir. 1991)** (footnotes and

citations omitted). In Commonwealth v. Hinkson, BMC Docket No.

875796-97, there was no order or judge's discretion, to change

the BMC docket sheet to show that the plaintiff had a bench

trial and not a guilty plea. 6 In the Plaintiff's PSI it show 7

_____

6.    Plaintiff submit as Exhibit No. 6, is the Boston Municipal
Court Department Docket Sheet; the plaintiff's attorney ap-
pearance form; also as Exhibit No. 7, the plaintiff's attorney
William C. Penkethman, Jr. Motion to Vacate Judgment of Con-
viction, Dated October 6, 1999; plaintiff will submit as Exhibit
No. 8, his attorney's Mark Vanger's Affidavit dated October 21,
2003; also as Exhibit No. 9, is the Boston Municipal Court's
order dated December 20, 2000; and as Exhibit No. 10, is the
United States Court of Appeals for the Fifth Circuit, order
dated February 1, 2001

7.    Plaintiff submit his Federal Pre-sentence Investigation
Report ("PSI") as Exhibit No. 11; as Exhibit No. 12, is the
United States District Court for the Eastern District of Texas,
order dated March 16, 2005, denying Hinkson's motion pursuant to
28 U.S.C. § 2255, Motion, the U.S. Court of Appeals for the
Fifth Circuit affirmed it.

at ¶¶ **13,** and **31,** stated clearly that the disposition:

**31.** 08/21/87    Assault and Battery       11/16/87-Pled
      (Age 26)     Police Officer, Boston,   guilty; 1 year
                   Massachusetts,            imprisonment,
                   Municipal Court Jury
                   Session

　　　In **Bolden v. Village of Monticello,** 344 F.Supp.2d 407,
411 **(S.D.N.Y. 2004)** ("The issue of qualified immunity is a
matter of law to be determined at the earliest point in a case,
so that an officer who is entitled to the doctrin's protections
can take full advantage of them. **Saucier v. Katz,** 533 U.S. 294,
121 S.Ct. 2151, 150 L.Ed.2d 272 **(2001).")** In this case the
Honorable Joseph L. Tauro, make sure that the defendants was
not entitled to immunity before he ordered the plaintiff to
served the defendants with the plaintiff's complaint and the
summons, so for the defendants to raised this argument, it is
moot, or it has on merits.

　　　In the defendants' motion to dismiss, he states; as fol-
lows: "Here, the plaintiff's sole complaint against Mr. Hogan
is that Mr. Hogan failed to record properly the information
which the judge had indicated was to be placed on the Boston
Municipal Court's records." In that case Mr. Hogan's actions
committed extrinsic fraud upon the plaintiff, that prevents
the plaintiff from knowing  about his rights or defenses or
from having a fair opportunity of presenting  it at the
December 20, 2000, hearing. That casue the Plaintiff to spend

8

from December 20, 2000, until November 19, 2006, in prision. The United States Supreme Court make it clear that "One day in jail for a common cold is a violation of a constitutional right." In this case a defendant just dont put what he want to put in the official court records and when a person suffer injury he or she claim absolute immunity. 8  In Exhibit No. 12, it shows that the Boston Municipal Court Clerk informed the United States Probation Officer that the disposition of Commonwealth v. Hinkson, BMC docket No. 87-5796-97, was a guilty plea, but they did not inform the Honorable Sally A. Kelly, that the disposition was a guilty plea. See Exhibit No. 12.

In this case at bar a Eighth Amendment violation occurred when the Honorable Sally A. Kelly relied upon the incorrect information, at that time plaintiff suffer injury. In this case these defendants where not faitfully and carefully carrying out the orders of the appointing judge.9

---

8.   See, **Forte v. Sullivan, 935 F.2d 1,3 (1st Cir. 1991)** ; S**lotnick v. Garfinkle, 632 F.2d 163, 166 (1st Cir. 1980)** ("Here, the court clerk who filled out Slotnick's commitment papers and the state hospital superintendent responaible for him during his commitment were in all their actions carring out the official directive of a judge.") Id.

9.   See, **Heck v. Humphrey, 512 U.S. -, 129 L.Ed. 2d 383, 114** S.**Ct. 2364 (194)** ("We hold that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid a § 1983 plaintiff must prove that the conviction or sentence has been reversed.") See, Plaintiff's Exhibit No. 13, the Commonwealth v. Hinkson, BMC docket No. 87-5796-97, it will show that the conviction was vacated and dismissed.

9

D.   "The Plaintiff's Amended Complaint Does Not State a Claim
     under Section 1983 since it Alleges Only Negligence, Not
     Intentional Violation of the Plaintiff's Civil Rights."

This Plaintiff, Object to the defendant contentions that
the Plaintiff's Complaint does not state a claim under Section
1983, In the plaintiff's complaint this plaintiff did state a
claim pursuant to 42 U.S.C. § 1983. "A claim under section 1983
has two essential elements. First, the challenged conduct must
be attributable to a person acting under color of state law . . .
second, the conduct must have worked a denial of rights secured
by the Constitution or by federal law."

Plaintiff Owen Garth Hinkson's Attorney Mr. William C.
Penkethman, Jr., filed a Motion to Vacate Judgment of Conviction
pursuant to G.L. c. 278, § 29D, on or about October 6, 1999, and
on December 20 2000, the Boston Municipal Criminal Court Justice
Sally A. Kelly, denied the motion. The basis of this denial was
that the defendant had been found guilty after a bench trial,
and that being the case, the statute did not apply. Id. Amended
Complaint. ¶ 6. 10

G.L. c. 278, §29D, is a **Boykin v. Alabama, 395 U.S. 238,
242-43, 89 S.Ct. 1709 1711-12, 23 L.Ed.2d 274 (1969);** and **United
States v. Houlihan, 92 F.3d 1271, 1279 (1st Cir. 1996),** violation
and such a violation deprive a person of a constitutional right;
defendant Hogan presented the fraudulent docket sheets to the
Honorable Sally A. Kelly, his actions, or inactions, violated a
constitutional rights, and defendant Hogan was acting under

10

color of state law; second, the defendants actions, or inactions
work[ed] to denied the plaintiff of rights secured by the
Constitution and by federal laws, plaintiff can prove not only a
deprivation of federal rights but also that the defendants'
conduct was a cause in fact of the alleged deprivation. 11

---

10.    Due Process of Law: "The phrase was made applicable to the
state with the adoption of the Fourteenth Amendment,
Section 1, ..."The original content of the phrase was a
procedural due process protection, i.e., in guaranteeing
procedural fairness where the government would deprive one of
his property or liberty. This requires that notice and the right
to a fair hearing be accorded prior to a deprivation...; it
protects aliens as well as citizens." Id. at page 66, Steven H.
Gifis' Law Dictionary. The fraudulent Boston Municipal Court
Docket Sheets denied the plaintiff of his liberty, and fairness
a protection that the Fourteenth Amendment guarantee a person.

11.    Amendment VIII to the United States Constitution
provides: "Generally speaking, a punishment that amounts to
torture, or that is grossly excessive in proportion to the
offense for which it is imposed, or that is inherently unfair,
or that is shocking or disgusting to people of reasonable sensi-
tivity is a cruel and unusual punishment.' And a punishment
that is not inherently cruel and unusual may become so by reason
of the manner in which it is inflicted,." On December 20, 2000,
when the Honorable Sally A. Kelly, used the fraudulent Boston
Municipal Court Docket Sheets, that the defendants presented to
her to denied the motion to vacate the Massachusetts conviction,
that also denied the plaintiff fairness in the United States
Court of Appeals for the Fifth Circuit, at that time an enhance
penalty for the Massachusetts conviction was inflicted upon the
plaintiff. The defendant Hogan, now conceded that the defendants
presented a fraudulent Boston Municipal Court docket sheet to
the Hon. Sally A. Kelly, and that it was only negligence not in-
tentional. A defendant cannot now claim that his actions, or in-
actions, was negligence not intentional, when he himself did not
correct the fault, it takes the defendants almost (5) five years
to correct the fraudulent Boston Municipal Court docket sheets.
In the evidence before this Hon. Court, it will shows this Court
that if the defendants wanted to correct the fraudulent Boston
Municipal Court docket sheet all they had to do was to look at
the attorney's notice of appearance form and compare it with

11

the docket sheets. In this case had the plaintiff not received the affidavit from Attorney Mark H. Vanger, and send it to the Sufflik County District Attorney's Office, the defendant would still used the fraudulent docket sheets to denied the plaintiff due process; equal protection of the laws; and cruel and unusual punishment. The evidence and exhibits will shows that even when the Assistant District Attorney's Office notify the defendants that the docket sheets was fraudulent the defendants sitll would not correct the docket sheets. Id. U.S. 14 Amendment and Eighth Amendment. See, plaintiff's Exhibit **14**, the Memorandum from Mr. John P. Zanini, Esq., dated August 8, 2000, this will show this Hon. Court that had the defendants wanted to correct the fraudulent docket sheets, they had from August 8, 2000, to December 20, 2000, to correct it. The defendants committed fraud upon the Boston Municipal Court; Massachusetts Appeals Court; and the Supreme Judicial Court. See, Exhibit No. 7; also see, **Commonwealth v. Mahadeo, 397 Mass. 314 (1986).** See, Exhibit No. 14, shows that the defendant actions, or inactions, was intentional, and it shows that the defendants did not have the mind set of correcting the fraudulent Boston Municipal Court docket sheets. See Exhibit No. 15, it shows that there was no court order or judge's direction. See, **Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988)** ("clerks have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages"). See **Forte v. Sullivan, supra, Id. at. 3. n. 4.** This is the controling law in the First Circuit Court of Appeals. The Honorable Joseph L. Tauro, cited this case law in his Memorandum dated July 20, 2005, so it is good law.

In the defendants' Memorandum of Law, the defendants conceded that there was no Court order or no judge's direction to put on the Boston Municipal Court's Docket Sheets, that the plaintiff had a bench trial.

In this case, such a fraud could also consider as obstruction of justice, the definition of obstruction of justice defined in **Steven H. Gifis' Law Dictionary. 14** The defendants' motion to dismiss and there accompanying memorandum of law, construed the plaintiff's complaint as one that complains of "Only Negligence, and exercise due care in maintaining accurate records." This plaintiff object to such a deinition of the plaintiff's complaint. This plaintiff's complaint bring forth a set of clear violations of United States Constitutional Rights.

The defendants' memorandum at page 8, states: "Likewise, the petitioner cannot show a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment since he does not allege that Mr. Hogan acted with deliberate indifference to any particular injury, suffering or other cruel and unusual treatment of the plaintiff..." "A violation of ... rights under the Eighth Amendment are measured against the deliberate indifference standard as defined in **Farmer v. Brennan, 114 S.Ct 1970 (1994).** See also **Wilson v. Seiter, 111 S.Ct. 232 (1991).** In **Brennan,** the Supreme Court found to establish deliberate indifference under the Eighth Amendment, the Plaintiff must show that (1) the government official was actually "aware of fcats which an inference could be drawn that a substantial risk of harm exists"; (2) the government official must actually draw the inference; and (3) but nevertheless, disregard the risk to the inmate's health or safety. **Farmer v. Brennan, 114 S.Ct.**

13

@ **1979.**"

In this plaintiff's complaint Id. at. Amended Complaint ¶¶ 6-7 and 11, shows that the defendants where deliberate indifference (1) all the defendant was actually "aware that the Boston Municipal Court docket sheets was fraudulent" as óf October 6, 1999, and on August 8, 2000, and also of October 21, 2003; (2) all the defendants actually draw the inference not to correct it; and (3) the defendants disregard the resk that the plaintiff's would not have a fair hearing and that the enhance prison sentence would be affirmed by the United States Court of Appeals Court for the Fifth Circuit. 15

_____

14.   Obstruction Of Justice: the "impeding or obstructing [of] those who seek justice in a court, or those who have duties or powers of administering justice therein." 214 S.W. 788. It was an offense at common law. Id. at 789. It includes acts such as attempting to influence, intimidate or impede any juror, witness or officer in any court regarding the discharge of his duty, as well as the actual impeding or obstructing of the due adminis-tration of justice. See 16 A. 2d 642, 644. When the statute re-aches beyond interference with the judicial process and pro-scribes as well interference with police officers and other such administrative officials, it is sometimes called "obstruction of governmental administration."

15.   In **Johnson v. United States, U.S., No.03-9685, 4/4/05,** "In an opinion by Justice David H. Souter, the Supreme Court concluded that a state court order invalidating a conviction does qualify as a "matter of fact" for purposes of Section 2255 ¶6(4), but it went on to hold that the limitations provision is refreshed in such a case "only if the petititner has shown due diligence in seeking the order." This would not apply to this Plaintiff because plaintiff filed one 28 U.S.C. § 2255 Motion, and the United States Court of Appeals for the Fifth Circuit would not allow the plaintiff to file a second 28 U.S.C. § 2255 Motion. The defendants' actions, or inactions denied the plaintiff fairness in all the judicial process, and therefore, cause the plaintiff to spend five to six years in prison.

14

## IV.    CONCLUSION

**WHEREFORE,** this plaintiff, Owen Garth Hinkson, pray that this Honorable United State District Court allow this plaintiff's Motion to Object to the Defendants' Motion to Dismiss plaintiff's 42 U.S.C § 1983, Complaint. The Defendant's Motion to Dismiss has no merits, and it should be deny.

Dated: 1(/0(/2005              Respectfully submitted,

                               Mr. Owen Garth Hinkson, Pro Se.
                               Reg. No. 17785-038
                               Federal Correctional Institution
                               Ray Brook
                               P.O. Box 9001
                               Ray Brook, New York 12977-9001

cc:

### CERTIFICATE OF SERVICE

I, Owen Garth Hinkson, hereby certifty that I have served a true copy of Plaintiff's Motion to Object to the Defendants' Motion to Dismiss upon the defendants' attorney on this $01$, day of November____ ,2005, by first class U.S. Mail, postage prepaid; by placing it in the U.S. Mail Box at FCI Ray Brook, New York, address to the last known address:

        TO: **Ms. Maura D. McLaughlin, Esq (BBO #634923)**
            Office of the Attorney General
            One Ashburton Place, 18 Floor
            Boston, MA 02108

Dated: 11/0(/2005.              Mr. Owen Garth Hinkson, Pro Se.

15

## SUPREME JUDICIAL COURT
### BOSTON, MASSACHUSETTS 02108

Marilyn Wellington
Court Administrator
Boston Municipal Court
John W. McCormack Post Office & Courthouse
90 Devonshire Street
Boston, MA 02109

January 14, 2004

Dear Ms. Wellington:

By this letter I am forwarding to you, for whatever action you deem necessary, the enclosed
correspondence from Owen Garth Hinkson.

Very truly yours,

Pamela B. Lyons
Pamela B. Lyons

enclosure
cc: Owen Garth Hinkson w/out enclosure ✓

Ẫ. Nẹ. 2

Supreme Judicial Court
Interoffice Memorandum

To:         Marilyn Wellington, Court Administrator,  BMC
From:       Pamela Lyons, Administrative Attorney,  SJC
Date:       March 31, 2004
Re:         Enclosed correspondence from Owen Garth Hinkson

Enclosed is correspondence from Mr. Hinkson.  Please take whatever action, if any, you deem
necessary.

Thank you.
Encl.

cc: Owen Garth Hinkson (w/out enclosure)  √



*The Commonwealth of Massachusetts*

*Committee for Public Counsel Services*

*44 Bromfield Street, Boston, MA 02108*

*Tel. (617) 482-6212    Fax. (617) 988-8455*

**WILLIAM J. LEAHY**
CHIEF COUNSEL

**ANDREW SILVERMAN**
DEPUTY CHIEF COUNSEL
PUBLIC DEFENDER DIVISION

**PATRICIA A. WYNN**
DEPUTY CHIEF COUNSEL
PUBLIC COUNSEL DIVISION

WRITER'S DIRECT DIAL NUMBER

April 28, 2004

Owen Garth Hinkson
Reg. No. 17785-038
Federal Correctional Institution
Ray Brook
P.O. Box 9001
Ray Brook, NY 12977-9001

Dear Mr. Hinkson:

    I have received your letter of April 19, 2004.  CPCS has not
received any Notice of Assignment of Counsel from the court,
other than the one we received back in 1999.

███████████████████████████████████████████████

███████████████████████████████████████████████

Please be patient as the assignment process may take
several weeks.

Very truly yours,

Donald S. Bronstein
Director of Criminal Appeals
Private Counsel Division



THE COMMONWEALTH OF MASSACHUSETTS

COMMISSION ON JUDICIAL CONDUCT

14 BEACON STREET   SUITE 102

BOSTON, MASSACHUSETTS 02108

(617) 725-8050

FAX (617) 248-9938

March 24, 2004

Mr. Owen Garth Hinkson, Reg. No. 17785-038
FCI Ray Brook
PO Box 9001
Ray Brook, NY 12977-9001

Dear Mr. Hinkson:

We have received your complaint against Chief Justice Charles R. Johnson. It appears you are asking us to determine whether your not having heard from appointed counsel is the fault of the judge or of the Committee for Public Counsel Services. That is something we cannot do. We can only investigate when there is a complaint docketed against a judge, and we can only docket a complaint against a judge when there is some evidence that he committed judicial misconduct. Wondering whether he did is not sufficient. In this instance, you apparently have no evidence that this delay is the fault of the judge. Therefore, we cannot docket this complaint.

I hope that, by the time you receive this letter, you will have heard from your counsel. If you have any reason to believe that a judge has committed any misconduct, you may fill out the enclosed complaint form, explaining fully, and send it back to us.

Sincerely,

Jill Pearson
Executive Director

Enclosure (form)



# **COMMONWEALTH OF MASSACHUSETTS**

*MUNICIPAL COURT OF THE CITY OF BOSTON*
*FOR CRIMINAL BUSINESS*

*117 OLD COURTHOUSE*
*GOVERNMENT CENTER, BOSTON, MASSACHUSETTS 02108*
*TELEPHONE # (617) 725-8468*
*FAX # (617) 725-8439*

**Daniel J. Hogan**
**Clerk Magistrate**

Owen Garth Hinkson
Reg. No 17785-038
Federal Correctional Institution
Ray Brook
PO Box 9001
Ray Brook, New York   12977-9001

Re :BMC Jury 87-5796 & 87-5797

February 2, 2004

Dear Mr. Hinkson:

The Court will notify you as to the name of the Attorney who has been assigned to represent you. At the present time we are waiting for the Committee for Public Counsel Service to inform the court as the Attorney's name.

Sincerely,

Francis J. Caffrey

Ex. 6

Ex. No. 6

## BOSTON MUNICIPAL COURT DEPARTMENT
### FOR CRIMINAL BUSINESS — JURY SESSION

NAME: HINKSON OWEN          NUMBERS: 875796

PRE-TRIAL CONFERENCE DATE:    11/16/87   OFFENSE:   A & B ON P O

Nov. 13 1987    HAEBUS CORPUS TO ISSUE FOR    Deer Island
                H. C. C. J. TOR APPEARANCE        Issued
                OF DEFT TO ANSWER TO TESTIFY
                AT M.C. 11-16-87 9 A.M.

NOV 16 1987

DJC    plead not guilty   Atty Verger

Defendant recp... trial... Jury.

Jury waiv... ...

Court recmmd...

Jury Tried.

Cary waived Trial          Fand Gilty
                           Waive of Convit  1 yr
                           Sent/Sup prob to Nov 16, 1988

...AMT $

...Fine Reduced

...Cts Probation

...Suspended to

Cant # 493

2282-2598                              Bishop J...

Jan. 7 1998  Defts motion to new tri
            ...d + filed

HAEFAS CORP... TO ISSUE TO  Plymouth
H. C. ...
... ...
AT M.C. 1/9/98 issued  ...  371 states

DA... 73

*Ex.*
*Ex. No. 6*

MUNICIPAL COURT

CITY OF BOSTON

*CRIMINAL BUSINESS*

[Date of filing] 11 / 16     19

In complaint of

COMMONWEALTH

*vs.*
OWEN HINCKSON

No.                              of 19

I appear for
Defendant — Commonwealth —

Mart D. Vanger        Attorney

Office Address, 1 Kendall Sq.
Tel. No.        Cambridge, MA 02184
494-0990

Attorneys are requested by the Court to
print and write their names on all appear-
ance slips.

Form 252

Ex. No. 7

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS

Boston Municipal Court
No. 87-5796
No. 87-5797

COMMONWEALTH OF MASSACHUSETTS

    vs.

OWEN HINKSON,
    Defendant

## DEFENDANT'S MOTION TO VACATE JUDGMENT OF CONVICTION PURSUANT TO M.G.L. c.278, §29D

Now comes the defendant, Owen Hinkson, and moves, pursuant to M.G.L. c.278, §29D to vacate his judgment of conviction dated November 16, 1997. As grounds therefor, defendant states as follows:

1. On November 16, 1987, defendant pleaded guilty before Judge Bakas to assault & battery on a police officer (No.87596) and he received a one year suspended sentence and one year supervised probation. Defendant also pleaded guilty to disorderly persons (No.87597) and received a three month suspended sentence and one year probation.

2. There is no record that the Court (Bakas, J.) gave the warning required by M.G.L. c.278, §29D that defendant's guilty plea could have adverse impact on his immigration status. Defendant was, in fact, deported as the result of his conviction of Assault & Battery on a Police Officer.

Defendant relies upon the Supporting Affidavit and Memorandum filed herewith.

Wherefore, Defendant respectfully requests that the Court grant his motion to vacate his judgment of conviction and order a new trial.

E.RA 34    DAA 18

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS

Boston Municipal Court
No. 87-5796
No. 87-5797

COMMONWEALTH OF MASSACHUSETTS

vs.

OWEN HINKSON,

**DEFENDANT'S AFFIDAVIT IN SUPPORT OF MOTION TO VACATE
JUDGMENT OF CONVICTION PURSUANT TO M.G.L. c.278, §29D**

I, Owen Hinkson, being duly sworn, hereby depose and state
that:

1. On August 24, 1987, I was charged by complaint with Assault and
   Battery on a Police Officer and with Disorderly Persons.

2. On November 16, 1987, I changed my plea to guilty to both counts
   and was sentenced to one year suspended on the Assault and
   Battery on a Police Officer charge and 3 months suspension on
   the Disorderly Persons charge.

3. Currently, I am being detained by the Immigration and
   Naturalization Service pending sentencing for Re-entry of a
   Removed Alien.

C.R.A. 35    (18 a)

4. As a result of the conviction of Assault and Battery on a Police Officer I was deported to Jamaica on May 15, 1989.

5. I was not advised of the Alien Warning pursuant to Massachusetts General Laws, c.278, §27D during the plea colloquy.

Signed and sealed under the pains and penalties of perjury this ____6?__ day of October, 1999.

_Owen Hinkson_
Owen Hinkson

THE STATE OF TEXAS     §
COUNTY OF LIBERTY     §

SUBSCRIBED AND SWORN TO before me, by the said Owen Hinkson this __5__ day of October, 1999.

_Mary Estelle Vaughn_
Notary Public in Liberty County, Texas

MARY ESTELLE VAUGHN
Notary Public, State of Texas
My Commission Expires
January 17, 2001

2

CRA 36          (18 b)

COMMONWEALTH OF MASSACHUSETTS

Suffolk, SS

Boston Municipal Court
No. 87-5796
No. 87-5797

COMMONWEALTH OF MASSACHUSETTS

vs.

OWEN HINKSON,
Defendant

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE JUDGMENT OF CONVICTION PURSUANT TO M.G.L. c.278, §29D

### STATEMENT OF FACTS

On November 16, 1987, defendant pleaded guilty before Judge Bakas to assault & battery on a police officer (No.87596) and he received a one year suspended sentence and one year supervised probation. Defendant also pleaded guilty to disorderly persons (No.87597) and received a three month suspended sentence and one year probation.

At the time of the change of plea hearing, defendant was a citizen of Jamaica. Defendant was not advised of the Alien Warning pursuant to Massachusetts General Laws, c.278, §27D during the plea colloquy. (Def. Aff. para.5)

There is no record that the Court (Bakas, J.) gave the warning by M.G.L. c.278, §29D that defendant's conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the



laws of the United States." The tape has not been preserved. The docket sheet states simply "found guilty". The docket sheet also states "Jury Waived Trial." It is unclear whether defendant pleaded guilty or admitted to sufficient facts under Mass. Crim. Pro. R 12 (a)(3). The statute applies in both instances. Commonwealth v. Mahadeo, 397 Mass. 314 (1986). The Trial Judge is deceased.

As a result of the conviction of Assault and Battery on a Police Officer defendant was deported to Jamaica on May 15, 1989.

Currently, defendant is being detained by the Immigration and Naturalization Service pending sentencing for Re-entry of a Removed Alien. (Def. Aff. paras.3-4)

## LEGAL ARGUMENT

### POINT I

DEFENDANT'S CONVICTIONS MUST BE VACATED BECAUSE THE COMMONWEALTH CANNOT SHOW THAT HE WAS ADVISED THAT HIS GUILTY PLEA MAY AFFECT HIS IMMIGRATION STATUS AS REQUIRED BY M.G.L.C.278, §29D

M.G.L. c.278, § 29D reads in its entirety as follows:

"The Court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court advises him of the following: "If you are not a citizen of the United States, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.' The defendant shall not be required at the time of the plea his or her legal status in the United States to the Court.

2



> " If the Court fails so to advise the Defendant, and he
> later at any time shows that his plea and conviction may
> have one of the enumerated consequences, the Court on
> defendant's motion, shall vacate the judgment, and
> permit the defendant to withdraw the plea of guilty or
> nolo contendere, and enter a plea of 'not guilty.'
> Absent a record that the Court provided the advisement
> required by this section, the defendant shall be
> presumed not to have received the required advisement."

To avoid the statutory presumption that the immigration advisement was not given, the Commonwealth has the burden to provide a record of the proceedings affirmatively demonstrating that defendant was advised that his plea may impair his immigration status. Commonwealth v. Mahadeo, 397 Mass. at 318.

The Commonwealth cannot meet this burden here because (1) the tape has been destroyed; (2) the docket sheet is silent as to any hearing or advisement as to alien rights; and (3) the hearing cannot be reconstituted since the motion judge is deceased. Compare, Commonwealth v. Pryce, 429 Mass. 556, 557 (1999, notation on docket sheet and judge's standard practice sufficient to meet burden), Commonwealth v. Podoprigora, 46 Mass. App. Ct. 928,929 (1999) (docket notation "Advised of alien rights" sufficient to meet burden).

While it is true that defendant was deported on May 14, 1989, this time lapse does not relieve the Commonwealth of its burden of overcoming the statutory presumption that the warning was not given. See, Commonwealth v. Jones, 417 Mass. 661, 664 (Commonwealth has burden irrespective of time lapse (eleven years) between the motion and plea).

3

## Impact on Defendant's Immigration Status

As the result of defendant's conviction for assault & battery
of a police officer, he is forever barred from admission to the
United States because this crime is an "aggravated felony." 8 USC
§ 1182(a)(9)(A)(ii)(I) provides that any alien previously removed
"and who seeks admission within 10 years of the date of such
alien's departure or removal (or within 20 years of such date in
the case of a second or subsequent removal or at any time in the
case of an alien convicted of aggravated felony) is inadmissible.
The term "aggravated felony" means a crime of violence for which
the term of imprisonment is at least one year. 11 USC §
1101(a)(43)(F). Assault and battery on a police officer is such a
crime, thus defendant's conviction has had a permanent negative
impact upon his immigration status.

### Conclusion

For all the reasons stated above, defendant respectfully
requests that the Court allow his Motion to Vacate Judgment of
Conviction Under M.G.L. c.278, § 29D

For the defendant
Owen Hinkson

By his counsel,

William C. Penkethman, Jr.
BBO # 556129
34 Main Street Extension
Plymouth, MA 02360
(508) 830-3400
October 6th, 1999



4

CERTIFICATE OF SERVICE

I, William C. Penkethman, Jr., hereby certify that on this date I have served a copy of the within Memorandum in Support of Motion to Vacate Judgment upon the Suffolk County District Attorney's Office by mailing same first class mail to One Bulfinch Place, Boston, MA 02108

_____
William C. Penkethman, Jr.
Dated: October _____, 1999

5



EX. No. 8

## AFFIDAVIT OF MARK H. VANGER

I, Mark H. Vanger, on oath depose and say, based on my personal knowledge:

1. I am a practicing attorney and I was admitted to the Massachusetts Bar in December, 1985.

2. I represented Owen Hinkson in the Boston Municipal court Jury of Six Session regarding a criminal complaint brought by the Commonwealth of Massachusetts for Assault and Battery on a Police Officer and Disorderly Conduct, Docket No. 87-5796.

3. I do not have possession of my file regarding this case and I believe it was destroyed. However, I do have a good memory regarding this case.

4. I have been provided copies of the Boston Municipal Court Department For Criminal Business-Jury Session Docket Sheet regarding the above complaint.

5. I recall that Mr. Hinkson was found guilty of the said charges after a bench trial in the primary court and that he received a committed sentence. I recall that he appealed the finding to the Boston Municipal Court Jury of Six. I did not represent Mr. Hinkson in said primary court trial.

6. I recall that a woman, whom I believe was Mr. Hinkson's wife, contacted me to represent him regarding the appeal in the Boston Municipal Court Jury of Six.

7. I recall filing an Appearance for Mr. Hinkson at a Pre-Trial Conference on November 16, 1987. I recall that he was serving a committed sentence and had been habed in to the Jury of Six.

8. I recall that Mr. Hinkson changed his plea to guilty before Judge Bakas and received probation for the above charges.

9. I recall that Mr. Hinkson definitely did not have a jury-waived trial. Therefore, I believe that the docket entry indicating a jury-waived trial is incorrect.

10. My memory is clear that he did not have a jury-waived trial due to the unusual circumstances regarding the change of plea. I recall that Judge Bakas imposed probation after the change of plea, thereby releasing him from custody, due in large part to the fact (made known to Judge Bakas at a lobby conference) that Mr. Hinkson's infant child had died immediately before the pre-trial conference and Mr. Hinkson's presence at home was necessary to aid his family. Furthermore, the Jury of Six did not schedule trials, bench or jury, on initial pre-trial conference dates (note that the docket sheet indicates only one pre-trial conference).

11. Neither Mr. Hinkson nor I was provided with the information by the District Attorney's office that the arresting officer regarding the above-described charges had been terminated prior to the change of plea.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21ST DAY OF OCTOBER, 2003.

Mark H. Vanger, Esq.
875 Mass. Ave., Ste. 31
Cambridge, MA 02139
(617) 547-8844

Ex. No. 9

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                         BOSTON MUNICIPAL COURT DEPT.
                                    NO. 87-CR-5796
                                    87-CR-5797

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMMONWEALTH

v.

OWEN HINKSON

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECISION AND ORDER ON DEFENDANT'S MOTION
## TO VACATE JUDGMENT OF CONVICTION
## PURSUANT TO G. L. c. 278, § 29D

The Defendant in this case, Owen Hinkson (the "Defendant") has made a motion to vacate his judgment of conviction entered on November 16, 1987 for assault and battery on a police officer in violation of c. 265, § 13D and for being a disorderly person in violation of c. 272, § 53. The Defendant contends that he did not receive the immigration warning as required by G. L. c. 278, § 29D.

Under G. L. c. 278, § 29D, a defendant is entitled to have a judgment of conviction vacated and to withdraw his plea of guilty or nolo contendere if, at the time the defendant entered the plea, the judge failed to give the required deportation advisement and the defendant "later at any time shows that his plea and conviction may have one of the enumerated consequences." G. L. c. 278, § 29D; *Commonwealth* v. *Rzepphiewski*, 431 Mass. 48, 49 (2000). Thus, the Defendant has the burden of demonstrating that he may be deported or suffer other adverse immigration consequences as a result of pleading guilty or nolo contendere in a court proceeding. *Commonwealth* v. *Rzepphiewski, supra* at 49-50.

The statute applies only to defendants who have actually pled guilty or nolo contendere and not to those who have been found guilty following a trial. The docket sheet for this case indicates that on November 16, 1987, the Defendant pled not guilty.[1] The docket sheet further states that the Defendant requested a trial without a jury. The court accepted the Defendant's

---

[1] The trial judge, the Honorable Theodore S. Bakas, is deceased. Therefore, the Defendant's motion is considered on the papers filed by the Defendant, the docket and the official court records.

(Ex.1)

DAA 5

waiver of jury trial after a hearing, and the next entry on the docket sheet is as follows: "Jury Waived Trial." Next, the docket sheet indicates that the Defendant was found guilty and given a one year suspended sentence and supervised probation.

Taken together, these notations evidence the fact that the Defendant pled not guilty and was found guilty after a bench trial. If the Defendant had pled guilty, it was and is the practice of this court to indicate that fact clearly on the docket sheet. *See Commonwealth* v. *Pryce*, 429 Mass. 556, 557-558 (1999) (Notation on a docket sheet and reliance on knowledge of the practice of the court suffice to reconstitute the record of what transpired in a court proceeding). The Defendant's assertion in his affidavit that he did not receive the alien warning during his plea colloquy is unpersuasive. *See Commonwealth* v. *Grant*, 426 Mass. 667, 673 (1998) (Judge is entitled to reject as not credible a defendant's self-serving, conclusory affidavit). Moreover, even if the Defendant's assertion was credible, it is irrelevant in the context of a trial after which the Defendant was found guilty.

As the Defendant never pled guilty or nolo contendere, the protections provided in G. L. c. 278, § 29D do not apply to him.

### Order

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to vacate his judgment of conviction pursuant to G. L. c. 278, § 29D is **DENIED**.

By the court,

December 20, 2000

Sally A. Kelly,
Associate Justice

2

(EX. I)

DAA 6

*(Ex. "E.")*
*Ex. No. 10*

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40537
Summary Calendar
_____

U.S. COURT OF APPEALS
**FILED**

FEB 0 1 2001

CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OWEN GARTH HINKSON, also known as Charles M. Williams,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-134-2
--------------------

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

Owen Garth Hinkson appeals his sentence for illegal reentry into the United States after deportation. Hinkson argues that: (1) the district court erroneously enhanced his prior conviction for assault and battery on a police officer; (2) the district court erred in enhancing his instant sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A); and (3) the district court erred in failing to void 18 U.S.C. § 1101(a)(43)(F) and U.S.S.G. §§ 2L1.2 & 4B1.2 for unconstitutional vagueness.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hinkson's first argument was not raised in the district court and is, therefore, reviewed for plain error. See United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). There is no merit to Hinkson's contention that the district court enhanced his prior conviction for assault and battery on a police officer. Rather, the district court enhanced Hinkson's instant sentence for illegal reentry based on its determination that his deportation followed his aggravated felony conviction for assault and battery on a police officer. See U.S.S.G. § 2L1.2(b)(1)(A). The district court did not plainly err in this regard. See Krout, 66 F.3d at 1434 (holding that plain error requires a clear or obvious error that affected the defendant's substantial rights).

Hinkson's assertion that the district court erred in applying U.S.S.G. § 2L1.2(b)(1)(A) is based on his claim that under United States v. Delgado-Enriquez, 188 F.3d 592, 594 (5th Cir. 1999), his conviction for assault and battery on a police officer was not an aggravated felony because it carried a sentence of only one year. In Delgado-Enriquez, 188 F.3d at 594, this court paraphrased 18 U.S.C. § 1101(a)(43)(F) by stating that "a 'crime of violence' is an aggravated felony when it meets the definition found in 18 U.S.C. § 16 for non-political offenses for which the term of imprisonment is more than one year." The Delgado-Enriquez decision, however, did not turn on whether the offense at issue carried an imprisonment term of one year or more than one year. 188 F.3d at 595.

Moreover, in a decision rendered prior to Delgado-Enriquez, this court recognized that 8 U.S.C. § 1101(a)(43)(F)

2

defines the term "aggravated felony" to include a crime of violence carrying a sentence of "'at least one year.'" See <u>United States v. Banda-Zamora</u>, 178 F.3d 728, 729-30 (5th Cir. 1999). To the extent that these two decisions conflict, <u>Banda-Zamora</u>, as the earlier opinion, controls. See <u>United States v. Jackson</u>, 220 F.3d 635, 639 (5th Cir. 2000). Thus, the district court did not err in applying U.S.S.G. § 2L1.2(b)(1)(A) to enhance Hinkson's sentence.

Finally, Hinkson's unconstitutional vagueness arguments, which were raised for the first time on appeal, are without merit. Hinkson's void-for-vagueness challenge to 18 U.S.C.

§ 1101(a)(43)(F) based on a missing word in that provision was rejected by this court in <u>Banda-Zamora</u>, 178 F.3d at 729-30. And Hinkson's unconstitutional vagueness argument with respect to U.S.S.G. §§ 2L1.2 & 4B1.2 is unfounded because he is challenging sentencing guidelines, not a criminal statute. See <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990) ("Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall"); <u>United States v. Arevalo-Sanchez</u>, No. 98-20093, p. 3 (5th Cir. Sept. 23, 1998) (unpublished). The district court did not plainly err in failing to void 18 U.S.C. § 1101(a)(43)(F) and U.S.S.G. §§ 2L1.2 & 4B1.2 for unconstitutional vagueness. See <u>Krout</u>, 66 F.3d at 1434.

**AFFIRMED.**

3

*Ex. No. 11.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| vs. | § | **PRESENTENCE INVESTIGATION REPORT** |
| | § | |
| **OWEN GARTH HINKSON** | § | **Docket No. 1:97CR134(02)** |
| **aka CHARLES WILLIAMS** | | |

| | |
|---|---|
| **Prepared For:** | Honorable Howell Cobb<br>U.S. District Judge |
| **Prepared By:** | Dora Mendoza<br>U.S. Probation Officer Assistant<br>Beaumont, Texas<br>(409) 839-2558 |

| **Assistant U.S. Attorney** | **Defense Counsel** |
|---|---|
| Michelle Englade | Greg C. Gladden |
| 350 Magnolia, Suite 150 | 3017 Houston Avenue |
| Beaumont, Texas 77701 | Houston, Texas 77009 |
| (409) 839-2538 | (713) 880-0333 |

| | |
|---|---|
| **Sentence Date:** | Pending. |
| **Offense:**   Count 4: | Reentry of a Removed Alien [8 U.S.C. § 1326(a) and (b)(2)].<br>Not more than 20 years imprisonment; a $250,000 fine, or both;<br>supervised release of not more than three years; and a $100 special<br>assessment.<br>A Class C felony. |
| **Release Status:** | Arrested and detained since September 23, 1998. |
| **Detainers:** | Immigration and Naturalization Services. |
| **Codefendants:** | Clive Anthony Brown aka David Anthony Little. |
| **Related Cases:** | None. |

**Date Report Prepared:** September 8, 1999  2A   **Date Report Revised:** November 4, 1999
                                                **Second Revision:**    March 23, 2000

Therefore, the 1998 edition of the Guidelines Manual has been used in this case.

Count 4 -- Reentry of a Removed Alien

12. **Base Offense Level:** The United States Sentencing Commission Guideline for a violation of 8 U.S.C. § 1326(a) is found in U.S.S.G. § 2L1.2 and provides for a base offense level of eight.                                                                                    8

13. **Specific Offense Characteristic:** On November 16, 1987, the defendant was convicted on charges of assault and battery on a police officer in the Boston, Massachusetts, Municipal Court Jury Session. On May 15, 1989, the defendant was ordered deported from the United States by an Immigration judge. On September 20, 1990, the defendant was convicted of reentry of an excluded alien in the U.S. District Court in the District of Massachusetts. He was deported to Jamaica from the United States on February 27, 1995. Subsequently, on October 5, 1995, he was convicted on reentry of an excluded alien in the U.S. District Court of the Northern District of Georgia. On August 27, 1996, the defendant was ordered deported, and on October 31, 1996, he was deported to Jamaica. Pursuant to U.S.S.G. § 2L1.2(b)(1)(A), if the defendant previously was deported after a criminal conviction, and the conviction was for an aggravated felony, increase by 16 levels.           +16

14. **Victim-Related Adjustments:** None.                                                                       0

15. **Adjustments for Role in the Offense:** None.                                                   0

16. **Adjustment for Obstruction of Justice:** At the time of the defendant's arrest for the instant offense, he advised police officers that his true name was Charles Williams. He was processed by police and later indicted under that name. Subsequent investigation and fingerprint analysis revealed the defendant's true name to be Owen Garth Hinkson. U.S.S.G. § 3C1.1, commentary (n.4g), states providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution is the type of conduct to which an obstruction of justice enhancement applies. Therefore, a two-level increase is warranted.                                                                                                     +2

17. **Adjusted Offense Level (Subtotal):**                                                           26

18. **Adjustment for Acceptance of Responsibility:** The defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. Additionally, he was timely in notifying authorities of his intention of entering a plea, thereby permitting the Government to avoid preparing for trial. Pursuant to U.S.S.G. § 3E1.1(a) and (b), the offense level is reduced by three levels.

-3

19. **Total Offense Level:**                                                                                         23

5

| 30. | 12/24/85<br>(Age 24) | Disorderly Conduct,<br>Bronx, New York,<br>Criminal Court | 12/24/85 - 10 days<br>imprisonment or<br>$150 fine.<br>Represented by<br>attorney. | 4A1.2(c)(1) | 0 |

Available material indicates that on December 24, 1985, the defendant was arrested for the offense of criminal impersonation in the second degree. On that same day, he pled guilty to disorderly conduct. Additional information regarding the offense is not available.

| 31. | 08/21/87<br>(Age 26) | Assault and Battery on<br>Police Officer, Boston,<br>Massachusetts,<br>Municipal Court Jury<br>Session | 11/16/87 - Pled<br>guilty; 1 year<br>imprisonment,<br>sentence<br>suspended to 1<br>year probation.<br>09/28/89 -<br>Probation revoked<br>to 1 year<br>imprisonment.<br>04/17/90 - Paroled<br>until 09/27/90.<br>Represented by<br>attorney. | 4A1.1(b) | 2 |

| 32. | 08/21/87<br>(Age 26) | Disorderly Conduct,<br>Boston, Massachusetts,<br>Municipal Court Jury<br>Session | 11/16/87 - Guilty;<br>3 months<br>imprisonment,<br>suspended to<br>unknown term of<br>probation. | 4A1.2(c)(1)<br>4A1.2(e)(3) | 0 |

Boston police records reveal that on August 21, 1987, an off-duty Boston police officer observed a female standing in the middle of a street, creating traffic problems. The officer exited his vehicle and approached the female. He identified himself as a Boston police officer. At that, time he noticed a smell of marijuana and observed the defendant smoking a marijuana cigarette. The officer displayed his badge and identified himself to the defendant, who responded, "Go the fuck around her or I'll kick your ass." The officer again identified himself, and the defendant continued to approach the officer stating, "I don't give a fuck if you are a cop or not, I'm gonna fuck you up." The officer approached the defendant, attempting to place him under arrest. At that time, an unknown male appeared on a nearby second-floor porch and pointed a gun at the officer. Two officers, on routine patrol, arrived at the scene, and upon seeing them, the defendant fled on foot. Officers caught up with the defendant, and after a brief but violent struggle, the defendant was taken

9

confinement.

Restitution

76. Restitution is not an issue in this case.

## PART E.  FACTORS THAT MAY WARRANT DEPARTURE

77. The probation officer has no information concerning the offense or the offender which would warrant a departure from the prescribed sentencing guidelines.

Respectfully submitted,

KENNETH LABORDE, Chief
U.S. Probation Officer

DM/jrh

By:

Dora Mendoza
U.S. Probation Officer

Approved:

Karen Koch, Supervising
U.S. Probation Officer
Date:  March 23, 2000

17

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON | § | |
| VS. | § | CIVIL ACTION NO. 1:05cv97 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION

Movant Owen Garth Hinkson, an inmate confined in the Federal Correctional Institution in Ray Brook, New York, proceeding *pro se*, filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

### Factual Background and Procedural History

On June 14, 1999, pursuant to a plea agreement, movant pleaded guilty to illegal re-entry after deportation. On April 28, 2000, movant was sentenced to 110 months imprisonment, followed by three years of supervised release; fined $10,000.00; and ordered to pay $100.00 special assessment. The sentence was affirmed on appeal. *United States v. Hinkson*, No. 00-40537 (5th Cir. Feb. 1, 2001) (unpublished), *cert. denied*, 533 U.S. 922 (2001).

Movant has filed one prior motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant's motion to vacate was dismissed on October 28, 2002. *Hinkson v. United States*, Civil Action No. 1:02cv395 (E.D. Tex. Oct. 28, 2002).

### Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, amended 28 U.S.C. § 2255

1

by imposing requirements for bringing successive motions.   As amended, Section 2255 prohibits consideration of a second or successive motion unless the motion is certified by the appropriate court of appeals to contain either: (1) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable.   28 U.S.C. § 2255.

Here, movant is barred from proceeding without first receiving permission from the Fifth Circuit. As movant does not state he has received such permission, his current filing must be dismissed without prejudice.

### Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be dismissed.   A Final Judgment shall be entered in accordance with this Memorandum Opinion.

SIGNED this __16__ day of __March_____, 2005.

_____
HOWELL COBB
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON | § | By |
| VS. | § | CIVIL ACTION NO. 1:05cv97 |
| UNITED STATES OF AMERICA | § | |

## FINAL JUDGMENT

This action came on before the Court, Honorable Howell Cobb, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that this motion to vacate, set aside or correct sentence is **DISMISSED** without prejudice.

All motions by either party not previously ruled on are hereby **DENIED**.

SIGNED this 16th day of March _____, 2005.

HOWELL COBB
UNITED STATES DISTRICT JUDGE

## IN MUNICIPAL COURT DEPARTMENT
### FOR CRIMINAL BUSINESS

NAME: Owen Hinkson                    DOCKET # 875797

OFFENSE: _____

Oct 5, 2004 Deft's motion to reconsider deft's motion to vacate Judgment of Conviction denied on December 20, 2000. & Memorandum in support of motion to reconsider deft's motion to vacate Judgement of Conviction denied on Dec 20, 2000 to be filed P+

January 14 2005

420                    Carter

730       Mulligan          Cercauu
901 - 1102

Clerk Magistrate Daniel J. Horgan appears and testifies

Defts Motion to Reconsider Defts motion to vacate Judgement of Conviction Allowed after hearing

Cont to Feb 1

Em 30 days

Horgan's LM

A TRUE COPY ATTEST

Daniel J. Horgan
CLERK MAGISTRATE

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                     BOSTON MUNICIPAL COURT
                                 Docket No. 87-5796

COMMONWEALTH OF MASSACHUSETTS,
Prosecution

v.

OWEN HINKSON,
Defendant

## COMMONWEALTH MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE CONVICTION

The Commonwealth files its response to defendant's pro se Motion to Vacate Conviction for violating G.L. c. 265, § 13D, assault and battery upon certain public servants. See Defendant's Motion to Vacate (C.A. 1).[1] The defendant filed this motion with the Appeals Court on July 17, 2000.[2] This motion was remanded to the Boston Municipal Court for further proceedings. See attached Notice of Docket Entry,

---

[1] The Commonwealth's Appendix will be cited herein as (C.A. ___). Defendant was convicted under the statutory language in effect on August 21, 1987, the date of the offense. (See C.A. 9). Subsequent amendments have broadened the class of protected employees.

[2] On July 31, 2000, the Appeals Court affirmed the denial of defendant's prior motion for new trial. See (C.A. 2).

take him into custody.   (C.A. 3).   The defendant was charged with assault and battery on Officer Hall and disorderly conduct.[3]   See attached docket (C.A. 4). The defendant elected to waive his right to a trial by jury and the judge found him guilty of both offenses on November 16, 1987.[4]   (C.A. 4).

## II.  Law & Argument

To convict a defendant for the offense of assault and battery on a police officer under G.L. c. 265, § 13D, the Commonwealth must prove three elements: 1) the defendant had specific intent to strike the officer, 2) the officer was engaged in the performance of his duties at the time of the assault, and 3) the defendant knew the victim was an officer engaged in the performance of his duties.[5]   See Commonwealth v.

---

[3] The defendant was not charged with assaulting the uniformed officer who helped subdue the defendant.
[4] In his motion to vacate, the defendant claims that his conviction resulted from a plea agreement.   In fact it appears that the Boston Municipal Court, Bakas, J., found the defendant guilty at trial.   See attached copy of docket (C.A. 4).   The defendant pled guilty to a federal charge and may be confusing the two cases.   See attached U.S. District Court Pre-sentence Report (C.A. 5).
[5] The appeals courts seem to apply different standards for the third element.   In Moore, the court appears to

11

Wherefore, the Commonwealth respectfully requests that this court deny the defendant's Motion to Vacate Conviction.

                                        Respectfully submitted
                                        For the Commonwealth,

                                        RALPH C. MARTIN, II
                                        District Attorney
                                        For The Suffolk District


WITH WHOM ON THE MEMORANDUM   JOHN P. ZANINI
JOSEPH G. MCCANN, JR.         Assistant District Attorney
Law Student Intern            For The Suffolk District
For The Suffolk District      BBO#:  563839
                              One Bulfinch Place
                              Boston, Massachusetts 02114
August 8, 2000                (617)619-4070

$Ex. No.$

1

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                         Boston Municipal Court

No. 875796

Commonwealth of Massachusetts

v.

Owen G. Hinkson

COMMONWEALTH'S MEMORANDUM IN RESPONSE TO DEFENDANT'S
MOTION TO SUBMIT ATTORNEY MARK H. VANGER'S AFFIDAVIT
AND NOTICE TO THE COURT THAT A DECISION ON DEFENDANT'S
MOTION FOR NEW TRIAL OR TO VACATE HIS PLEA SHOULD BE
MADE IF AND WHEN THE APPEALS COURT DISPOSES OF, OR
REMANDS, DEFENDANT'S PENDING APPEAL

The Commonwealth files this response to advise
the Court that it does not object to the submission of
Attorney Vanger's affidavit; to provide additional
information from Attorney Vanger; and to request that
the Court consider - as soon as defendant's currently
pending appeal is either disposed of or remanded[1] -
whether defendant is entitled to have his plea of

---

[1] Defendant should either move to dismiss his appeal or
file a motion to stay the appeal and remand the case
to this Court for purposes of considering anew, in
light of his attorney's affidavit, his alien warning
claim. *See Commonwealth v. Cronk*, 396 Mass. 194, 196-
197 (1985), (while an appeal of an order that had been
entered in the Appeals Court was pending, the District
Court judge "no longer had **jurisdiction** to reconsider
the earlier order."). Otherwise this court cannot act.

2

guilt vacated based on the failure of the plea judge to provide the statutorily required alien warning. See G. L. c. 279, §28D. Technically, as the previously filed Motions to Vacate the Plea that relied on the alleged failure to provide an alien warning have been denied and the denials affirmed on appeal, defendant should file a new motion seeking this relief, but as he is indigent and incarcerated, the Commonwealth would not object to the Court assessing this claim on all of the papers and pleadings already filed by defendant, who has been most diligent in pursuing this claim.

Defendant has now submitted his trial counsel's affidavit that avers that, contrary to the docket notation that a bench trial was had in the Boston Municipal Court, that defendant actually tendered a plea of guilt to the Court, Bakas, J. (copy attached hereto).

In addition to the facts averred by the affidavit, defense counsel has advised the undersigned in a telephone conversation that he has no recollection of whether the alien warning was given. The docket does not reflect any warning, and the tapes have long since been destroyed. The judge is now deceased, and the record cannot be reconstructed.

3

The only issue for this Court now appears to be whether the presumption of regularity in court proceedings overcomes the statutory presumption that the defendant is entitled to have his plea vacated. This question has been left open by the Supreme Judicial Court, as noted in *Commonwealth v. Rzepphiewski*, 431 Mass. 48, 53 (2000):

> We therefore express no opinion whether, in the genuine absence of a record (either actual or reconstructed) that the deportation advisement was given, the statutory presumption of nonadvisement which we applied in *Commonwealth v. Jones*, 417 Mass. 661, 632 N.E.2d 408 (1994), operates conclusively or, instead, may be rebutted by the contrary presumption of regularity in court proceedings subsequently articulated in *Commonwealth v. Lopez, 426 Mass. 657, 661*, 690 N.E.2d 809 (1998), which, in the absence of a contemporaneous or reconstructed record of a plea colloquy, puts on the defendant the burden of producing credible evidence that his guilty plea was not knowing, intelligent, and voluntary. *See Commonwealth v. Pryce*, 429 Mass. 556, 559, 709 N.E.2d 433 (1999).

If the presumption of regularity is controlling, defendant's motion should be denied; if not, defendant's self-serving affidavit, many years after the plea, must be assessed by this Court to determine if defendant has borne his burden of proving that his plea should be vacated.

8

The off-duty officer and a second officer pursued the defendant into the backyard. After jumping over one fence and while trying to climb over a second fence, the off-duty officer caught up to the defendant with the help of the second officer, the defendant was taken into custody after the brief but violent struggle. Other assisting officers tried to locate the unknown black male who had the silver handgun but were unable to do so. After further investigation, Daryl Leathers was the man with the gun.

### CONCLUSION

For the foregoing reasons, the defendant's motion for a new trial or consideration to withdraw defendant's plea should be Acted upon after the pending appeal has been disposed of or the case remanded to this court.

Respectfully submitted
FOR THE COMMONWEALTH,

DANIEL F. CONLEY
District Attorney
For the Suffolk District

John P. Zanini
Assistant District Attorney
For the Suffolk District
BBO # 536839
One Bulfinch Place
Boston, MA 02114
(617)619-4070

October 29, 2003