UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| OWEN HINKSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 05-10822-JLT |
| | * | |
| DANIEL HOGAN, Clerk Magistrate; | * | |
| MARILYN WELLINGTON, Court | * | |
| Administrator; FRANCES J. CAFFERTY, | * | |
| Clerk; CHARLES R. JOHNSON, Chief | * | |
| Justice Boston Municipal Court, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

November 10, 2005

TAURO, J.

    Plaintiff filed this complaint alleging violations of 42 U.S.C. § 1983 based on Defendants' erroneous entry into the docket sheet for Plaintiff's criminal trial. The clerical error resulted in the trial court judge initially denying Plaintiff's motion to vacate his conviction. Once the trial court realized the mistake and corrected the docket sheet, the motion to vacate was allowed. The Plaintiff now contends that this clerical error constituted a deprivation of his constitutional rights. Defendant Daniel Hogan has moved to dismiss the Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    As a preliminary matter, the Plaintiff's claim sounds in negligence, which does not provide a basis for relief under 42 U.S.C. § 1983. Even assuming this was not the case, Plaintiff's complaint must be dismissed because Defendant, in his official capacity as clerk magistrate, is not

a "person" as described by 42 U.S.C. § 1983.  Finally, even if the Defendant were being sued in his individual capacity, he is shielded by the doctrine of absolute judicial immunity.[1]

For the reasons stated above, Defendant's Motion to Dismiss [#36] is ALLOWED.

IT IS SO ORDERED.

   /s/ Joseph L. Tauro
United States District Judge

---

[1] See Sullivan v. Kelleher, 405 F.2d 486, 487 (1st Cir. 1968).