From:   Mr. Owen Garth Hinkson
        Reg. No. 17785-038
        Federal Correctional Institution
        Ray Brook
        P.O. Box 9001
        Ray Brook, New York 12977-9001


Dated:  October 6, 2005


TO:     Maura D. McLaughlin, Esq.
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108


Re:     **Hinkson v. Hogan, et al.**
        **U.S. District Court Docket No. 05-CV-10822-JLT**


**Dear Maura McLaughlin, Esq:**

This letter is in response to the plaintiff's first set of Interrogatory and Discovery that was served upon the defendants on or about September 23,,2005, pursuant to Fed. R. Civ. P. Rule 33(b)(3), it gives each named defendant 30 days to file an answer to the plaintiff's first set of Interrogatory and Discovery.

Attoeney McLaughlin, as you may also see that there are several motions pending before the U.S. District Court, that I have filed and I have served your clients with a copy of those motions.

Maura McLaughlin, the controling case in the First Circuit is **Forte v. Sullivan**, 935 F.2d 1, 3, (1st Cir. 1991). It was cited my the U.S. District Court Judge Joseph L. Tauro, in his Memorandum dated July 20, 2005, you may want to request a copy of it from the clerk's office, so you can get a better understanding of the case, and to see the facts of the case and how the Court view it. At this time I'm in agreement with the Court to dismiss the plaintiff's complaint against Chief Justice Charles R. Johnson, of the Boston Municipal Criminal Court Department.

However, the other defendants was served by the United States Postal Service and the United States Marshals Service, and at this time I will also ask the Court to have the defendants use different attorney from Defendant Daniel J. Hogan,. I will f file that motion and state my reasons in a timely manner. I will also request equal protecttion of all the United States District Court's Local Rules; United States Federal Rules of Civil Procedure; and the Commonwealth of Massachusetts Rules of Civil Procedure.

In this Civil Action a part of the defendants' actions or inactions was a violation of the United States Constitution the Fourteenth Amendment Section 1. Equal Protection OF The Laws "constitutional guarantee embodied in the Fourteenth Amendment to the U.S. Constitution, which states in relevant part that 'No State shall . . . deny to any person within its jurisdiction the equal protection of the laws.'" Attorney McLaughlin, at this time I do not think that you your self would request that the Court deny the plaintiff of equal protection of the Court's Local Rule 7.1. Attorney McLaughlin, the Twenty First Centry Federal Prisons System is well advance and would not interfere with any of the process of this civil action.

Attorney McLaughlin, the Federal Bureau Of Prisons' Telephone System is a prepaid system and I can add your office Telephone Number (617) 727-2200, ex. 2857, to my Telephone List and I would have no objection talking to you about pretrial conference or depositions.

Attorney McLaughlin, there are three key paced of evidence in this civil action: (1) the Boston Municipal Court's Docket Sheet;Dated November 16, 1987,; (2) Attorney Mark Vanger's Affidavit Dated October 21, 2003,; and (3) the Boston Municipal Court's Docket Sheet Dated January 14, 2005, and February 14, 2005.

Respectfully submitted,

*Owen G. Hin* (signature)

Mr. Owen Garth Hinkson, Pro Se.
Reg. No. 17785-038
Federal Correctional Institution
Ray Brook
P.O. Box 9001
Ray Brook, New York 12977-9001

cc: United States District Court
    Judge Joseph L. Tauro

2